■ In the Matter of RAYMOND GONGOLA, Petitioner, v EDWARD J. SZADO, as Superintendent of Schools of the East Greenbush Central School District, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the respondent superintendent of schools which determined the guilt of petitioner and assessed a penalty. Petitioner, an employee of the respondent school district since 1974, was charged, in a proceeding brought pursuant to section 75 of the Civil Service Law, with misconduct and insubordination arising essentially from three separate specifications concerning events that occurred on December 2, 1980 (Specification No. 1), November 24, 1980 (Specification No. 2) and November 25, 1980 (Specification No. 3). The hearing officer found petitioner guilty only of the first specification of Charge No. 1, misconduct, and recommended that petitioner be suspended for one week without pay. Respondent superintendent adopted only so much of the hearing officer's determination as found petitioner guilty of Charge No. 1, Specification No. 1. Respondent additionally found petitioner guilty of Specification Nos. 2 and 3 of Charge No. 1 and imposed a two-month suspension from work until February 13, 1981. In substance, the charges for which petitioner was found guilty of misconduct were that on November 24, 1980 a female pupil was in his truck for a half hour; on November 25, 1980, he "picked up" a female pupil of the high school and drove with her to the lower parking lot where they remained for approximately one-half hour; and, on December 2, 1980, he "picked up" a female pupil in his truck and drove off the school premises with her. Each of the incidents was alleged to have occurred in the middle of the day when classes were in session. Petitioner was also notified that he was to return to work on February 13, 1981, and that he was reassigned to the night shift, which would, according to respondents, eliminate "the possibility of pupil involvement during your working hours". Petitioner contends that the findings that he was guilty of the charges contained in Specification Nos. 2 and 3 are not supported by substantial evidence. He asserts that his actions did not constitute misconduct and that the penalty imposed, i.e., the two-month suspension and the change in shift, was inappropriate, unduly harsh and unauthorized. He argued that since he has always had a second employment, the change in shift was designed to force him to terminate his employment with the district by requiring him to choose between two "necessary employments". There should be a modification of the respondent superintendent's determination by annulling so much thereof as found petitioner guilty of Specification No. 2 and, as so modified, it should be confirmed. Specification No. 2 alleges that "while school was in session, you picked up in your truck a female pupil of the Columbia High School". The evidence completely failed to establish that any female entered petitioner's

truck at the time and place charged. The determination with respect to this specification is without any support in the record and must be annulled. Petitioner does not challenge the sufficiency of the evidence in support of Specification No. 1. However, his challenge to Specification No. 3 on sufficiency of evidence grounds must be rejected. Petitioner's guilt of the charge contained in Specification No. 3 is amply supported by substantial evidence. A witness testified that he saw a girl leave the building and enter petitioner's truck which then proceeded to a lower parking lot of the school where it remained for the entire lunch period, about a half hour. Since petitioner did not testify, all adverse inferences which one may fairly infer from the facts proved may be considered against him, permitting the trier of fact to conclude that petitioner committed the acts charged in Specification No. 3 (see *Noce v Kaufman,* 2 NY2d 347). Petitioner's argument that his actions did not constitute misconduct is without merit. The record establishes that he was told by the superintendent of buildings and grounds that district employees "are in no way, shape or form to be involved with students at any level". Petitioner's immediate supervisor, after the first incident, warned him that he would get in trouble "fooling around with any kid from school". Respondent superintendent could, therefore, properly conclude that petitioner acted against the rules of his employer, which rules he was aware of or should have been aware of, and that such activity constituted misconduct. Finally, we conclude that the penalty imposed for the proven misconduct should not be disturbed. It is not " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). "A school is a special kind of place in which serious and dangerous wrongdoing is intolerable" (*People v Scott D.,* 34 NY2d 483, 486). Petitioner's work reassignment is a lateral transfer, without reduction in grade or title, and appears to be reasonably related to the proper supervision of both students and employees. The reassignment is neither improper nor an unauthorized penalty. Determination modified, by annulling so much thereof as found petitioner guilty of Specification No. 2, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.