◼ In the Matter of JOHN H. KOCH, Respondent-Appellant, v WEBSTER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant-Respondent. — Judgment unanimously reversed, without costs and petition dismissed. Memorandum: After a hearing pursuant to section 75 of the Civil Service Law, petitioner, a custodian in one of respondent's elementary schools, was dismissed. He thereafter instituted this CPLR article 78 proceeding. Special Term reduced petitioner's penalty of dismissal to suspension and a fine. Respondent presented five charges which included 48 specifications against petitioner and in which it alleged that he had, by his conduct and attitude, disrupted and interfered with work of (1) his subordinates on the custodial staff, (2) the teaching staff and (3) the administrative officials of the school and that (4) he was incompetent and (5) insubordinate. The evidence established that petitioner, an otherwise satisfactory worker had a long-standing attitude problem which caused him to be abusive and intimidating to others, to be overly officious in enforcing minor rules and regulations and to interfere with the teaching staff in the performance of their duties. His annual performance reviews, at least as early as 1978, had called his attention to this failing. His response on that occasion (and reiterated in similar words thereafter and in his testimony at the hearing) was that these criticisms were "false", "hysterical accusations" and "deliberate lies". The hearing officer, in sustaining the

charges, found that petitioner hollered at, insulted and abused his coemployees on the custodial staff, interfered with the performance of their duties and caused them anxiety and apprehension over the performance and loss of their jobs; that he abused and humiliated a teacher in front of her students and that he interfered with teachers attending their teaching duties although specifically warned not to do so. The hearing officer further found that petitioner's conduct was such that resolving the conflicts petitioner created consumed an excessive amount of the school principal's time, time which he otherwise would have used to plan the educational program, thus extending the workday of teachers and administrators alike for this necessary activity. He also found that petitioner failed to heed prior instructions to temper his conduct, indeed that he refused to acknowledge any fault on his part, and that he was therefore insubordinate. Special Term found the penalty excessive because the charges involved only matters of petitioner's personal relationships with other employees of the school and his attitude toward them. We disagree. The incidents complained of are relatively minor, but they assumed an importance out of all proportion to the facts involved. Indeed, it appears that petitioner's presence and conduct became one of the important concerns of this educational institution, involving not only his conduct toward his fellow custodians over whom he had some supervisory functions, but also his conduct toward teachers and administrative staff, employees whose jobs were clearly outside his work responsibilities. We have considered the fact that petitioner had a long record of competent service, unblemished except for this continuing personality problem. Nevertheless, it is clear that the principal was required to spend a substantial and inordinate amount of time resolving the personnel problems arising because of petitioner's attitude and conduct and that the harmonious operation of the school was seriously and adversely affected by it. Bearing in mind the deference to be accorded to the judgment of those who must accept responsibility for the operation of the school (see *Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761; *Matter of Ahsaf v Nyquist,* 37 NY2d 182), we cannot say that the penalty of dismissal shocks our sense of fair treatment in this case (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). (Appeals from judgment of Supreme Court, Monroe County, White, J. — art 78.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.