■ In the Matter of MARCEL BRAIS, Petitioner, v BOARD OF EDUCATION OF THE MASSENA CENTRAL SCHOOL DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Board of Education of the Massena Central School District which terminated petitioner's employment. Petitioner, employed as a custodian for 23 years, was served with a written statement of charges pursuant to section 75 of the Civil Service Law alleging four acts of misconduct, essentially consisting of harassment of a female teacher, Patricia Ryan. Following a hearing, the first

three charges were dismissed because petitioner had already been given administrative discipline, but Charge No. 4 was sustained with a recommendation of an additional 90-day suspension without pay. Respondent board rejected the penalty recommendation and terminated petitioner's employment, giving rise to this proceeding. Petitioner contends that the punishment of termination is excessive and disproportionate, and that the determination of misconduct is not supported by substantial evidence. We disagree. At the outset, we note petitioner admitted each of the charges against him at the hearing and, in his brief, even concedes he was "not totally without fault". There is ample evidence in the record to support the board's finding of misconduct. We next must consider the propriety of the penalty imposed. Petitioner attempts to characterize his conduct as a few separate minor indiscretions for which outright dismissal is inappropriate, and points to a long and previously unblemished record. While not unmindful of petitioner's prior work record, we cannot lightly dismiss the seriousness of his behavior. Petitioner telephoned Mrs. Ryan on July 4, 1981 despite direct orders from the school district to refrain from further contact with her. During this conversation, petitioner attempted to "arrange a rendezvous with [Mrs. Ryan] for the purpose of having sex". While this telephone call formed the basis of Charge No. 4, we note that the board could consider the entire course of conduct complained of in fashioning an appropriate remedy. We do not view each incident as isolated, but as part of a recurring course of misconduct. It is evident petitioner was under an unfounded delusion concerning Mrs. Ryan. That she felt threatened by his endeavors is more than understandable. Moreover, the hearing officer observed that petitioner failed to comprehend the severity of his behavior and showed little sign of refraining from like conduct in the future. For this reason, a psychiatric evaluation was recommended. In our view, the record substantiates the hearing officer's assessment that the charges presented "an extremely serious matter" that had caused undue suffering for the Ryan family. This is not an instance of dismissal based on failure to perform mere ministerial functions (see, e.g., *Matter of Escher v Hall,* 37 AD2d 1013). Here, petitioner's repetitive behavior posed a serious threat to a teacher's personal welfare. Bearing in mind the board's responsibility for the safety and protection of school personnel, we cannot say that the penalty imposed shocks our sense of fair treatment in this case (Civil Service Law, § 75, subd 3; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Koch v Webster Cent. School Dist. Bd. of Educ.,* 89 AD2d 778; *Matter of Gongola v Szado,* 85 AD2d 853, 854). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.