■ In the Matter of LOWELL A. PETTIES, Petitioner, v NEW YORK STATE DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Commissioner of Mental Retardation and Developmental Disabilities which terminated petitioner's employment. Petitioner was discharged from his position as Chief of Child, Adolescent and Young Adult Habilitation Services at the Broome Development Center (BDC), a State facility for the care of the mentally retarded, because of misconduct; he had sexually harassed six women employees. Following a lengthy hearing, petitioner was found guilty of 22 specifications of harassment; a two-month

suspension without pay was recommended by the hearing officer. Respondents, the director of BDC and the Commissioner of Mental Retardation and Developmental Disabilities, rejected the suggested penalty, found petitioner guilty of four additional harassment incidents and terminated him. Petitioner then instituted this article 78 proceeding. The six women complainants, three psychologists and three stenographers, all of whom were dependent upon petitioner's recommendation to either retain their jobs or gain promotion, recounted many instances of sexual innuendo. Though petitioner denied each charge, the hearing officer and respondents chose for the most part to believe the complainants and we see no reason to disturb their decisions respecting the witnesses' credibility. On several occasions, the sexually suggestive acts petitioner engaged in consisted of touching the women's hair, stroking their arms, massaging their backs, or brushing his hands against their breasts. Often these acts were accompanied by statements pertaining to the individual woman's attractiveness, the deep feelings which petitioner harbored for the employee and, at least in one instance, the suggestion that if she continued to be attractive to him he would secure an upcoming promotion for her. Petitioner also subjected several of the women to lengthy conversations concerning their personal lives, even intimating to one that she was a troubled person who needed him to satisfy her desires and fulfill her needs; he later attempted to persuade her to meet him in a vacant BDC game room for an after-hours tryst. The record also reveals that petitioner engaged the women in sexually oriented conversations to which they objected. Specifically, he sought from several of them their reaction to his explicit descriptions of pornographic movies, discussions of the size of the male organ, stories of bestiality, and accounts of sexual incidents among BDC patients. One of the women also testified that while she was in petitioner's office he made sexually suggestive body movements, gyrating his hips and torso, and that he seated himself in such a fashion as to emphasize his genitals. On still another occasion he rubbed his body against the back of one of the complainants while she was waiting on line at a nearby bank. Suffice it to say these actions and others like them in the record amply support the decision to discharge petitioner, a high level administrator with great responsibilities. We find no error in the fact that respondents disagreed with the recommended penalty and certain of the hearing officer's findings (see *Matter of Sanchez v Board of Examiners of Nursing Home Administrators,* 93 AD2d 916). Finally, we reject the contention that because a specific Office of Mental Retardation and Developmental Disabilities policy statement forbidding sexual harassment was not issued until after petitioner's misconduct occurred, it was somehow unfair to discharge him. Sexual harassment in the work place is among the most offensive and demeaning torments an employee can undergo; it violates title VII of the Civil Rights Act of 1964 (*Bundy v Jackson,* 641 F2d 934), and is now clearly contrary to Equal Employment Opportunity Commission guidelines. Egregiously vexing activity like that engaged in by petitioner constitutes "misconduct" under section 75 of the Civil Service Law regardless of the absence of a specific departmental regulation declaring it so. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.