■ In the Matter of TARA POLLMAN, Petitioner, v JOHN T. FAHEY, as Commissioner of the Albany County Department of Social Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a

determination of the Commissioner of the Albany County Department of Social Services which terminated petitioner's employment with the department.

Petitioner's dismissal from her employment as a clerk typist with the Albany County Social Services Department was the result of the events of June 16, 1983. The record discloses that at approximately 3:50 P.M. on that date, petitioner was reprimanded by her supervisor for reading a newspaper on the job. Petitioner, who apparently suffers from an emotional handicap which makes it difficult for her to cope with stress, became extremely upset. She went to the ladies room to calm down. Her co-workers became concerned when they heard her screaming and striking the bathroom walls. Accordingly, they summoned Security Officer Diane Cioffi. Cioffi entered the ladies room and asked petitioner to leave the building so that it would not be necessary to call the police. Petitioner responded by heading back towards her office where, she stated, she planned to resume reading the newspaper. When Cioffi tried to bar petitioner's way, a struggle ensued, resulting in Cioffi's suffering a separated shoulder. The police and paramedics were summoned. Cioffi was taken to the hospital on a stretcher while petitioner was arrested and charged with the crime of assault in the third degree. She was subsequently convicted on her plea of guilty of the crime of disorderly conduct.

Following a hearing held pursuant to section 75 of the Civil Service Law, petitioner was found guilty of the charge that she had been disruptive and had assaulted a security officer without provocation. Petitioner was, as a result, dismissed from her job by respondent. The instant CPLR article 78 proceeding ensued.

Petitioner has raised several issues in support of her contention that respondent's decision dismissing her from her job should be annulled. First, she argues that the hearing officer failed to make adequate findings of fact with respect to the charge against her. This contention is erroneous. The hearing officer cited the testimony of both petitioner and Cioffi in his report, both of which confirmed that petitioner caused the initial disruption and that she then refused to obey Cioffi's lawful order to leave the building, which brought about the ensuing struggle. While he acknowledged that the testimony adduced at the hearing was at times "confusing", the hearing officer concluded by making the finding that the result of the events in question was that Cioffi was seriously injured and that this injury was caused by petitioner's behavior. These findings of fact were adequate to satisfy the requirement of section 75 of the Civil Service Law that "findings of fact be made in a manner such

that the parties may be assured that the decision is based on evidence of record" so that an adequate judicial review may follow (*Matter of Simpson v Wolansky,* 38 NY2d 391, 396).

We are similarly unpersuaded by petitioner's contention that she did not receive a fair and impartial hearing in that the hearing officer, Philip Murray, is the Chief Attorney for the Department of Social Services and, as such, is the supervisor of the attorney who represented respondent at the hearing, with the alleged result that Murray was privy to information which might have prejudiced him against petitioner. It should be noted that the appointment of Murray as hearing officer was in compliance with subdivision 2 of section 75 of the Civil Service Law. Further, there is no indication in the record either that he possessed information which would have biased him against petitioner or that she, in fact, received anything other than a fair and impartial hearing (see *Matter of O'Neil v De Santis,* 40 AD2d 924).

We are also unpersuaded by petitioner's contention that respondent's decision finding her guilty of misconduct was not supported by substantial evidence in the record. Petitioner argues that the record shows that her conduct was the direct result of provocation on Cioffi's part. However, the only evidence in the record of provocation which might have justified petitioner's conduct was contained in her own testimony. This testimony was rebutted by that of Cioffi and a number of bystander witnesses who attested that petitioner attacked Cioffi without provocation. Since it is the province of the hearing officer to determine issues of credibility, where substantial evidence exists to support his determination, as it does here, this determination must be sustained (*Matter of Collins v Codd,* 38 NY2d 269, 270).

Finally, petitioner argues that the punishment of termination from her employment was unduly severe. However, the disciplinary sanction imposed in an administrative hearing will not be disturbed unless it is so severe, in view of the offense, as to be " ' "shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). The punishment of dismissal was a fair one here. Not only did petitioner's behavior result in serious injury to another person, but she proved herself to be possessed of an ungovernable and violent temper. Given the fact that petitioner worked in a department engaged in service to the general public, it would have been unwise to restore her to employment there.

Since respondent's decision is supported by substantial evidence in the record as a whole (see *300 Gramatan Ave. Assoc. v*

*State Div. of Human Rights,* 45 NY2d 176, 179-180), it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.