■ In the Matter of BERTRAM KEITH, Petitioner, v NEW YORK STATE THRUWAY AUTHORITY, Respondent.—Harvey J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment.

Petitioner was terminated from his position as assistant division engineer of buildings for respondent following a determination that he was guilty of misconduct. The events leading up to his termination are as follows. In October 1983, toll collectors were apparently exposed to asbestos while petitioner was supervising the installation of a new heating system at the Thruway's New Paltz toll station. As a result, some of the collectors were granted sick leave and petitioner was reprimanded for, *inter alia,* failing to take proper safety precautions. Petitioner believed that the toll collectors had fabricated their illness and, thus, contrived a scheme to trick the collectors at a subsequent work site, the Newburgh toll station. Briefly stated, petitioner enlisted the aid of some of his subordinates in a plot to create the appearance that asbestos removal had commenced without appropriate precautions when, in fact, the asbestos removal work had not yet started. The scheme succeeded, producing worker panic and union threats of pulling all toll workers off the job.

As a result of the Newburgh incident, two charges of misconduct were proffered against petitioner. Charge I alleged that petitioner's "actions as a supervisor led [respondent's]

employees to believe that their health and safety were in danger". Charge II alleged that petitioner's "actions as a supervisor caused [respondent] to be placed in a position whereby toll lanes would be unmanned". Following a hearing, the Hearing Officer found petitioner guilty of the charges and recommended that petitioner be dismissed from employment. Respondent adopted the findings and recommendation of the Hearing Officer and petitioner was dismissed on June 21, 1985. This CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g), ensued.

A permanent civil service employee may be removed upon a finding of incompetency or misconduct made in compliance with applicable statutes and due process (see, Civil Service Law § 75 [1]; see also, Cleveland Bd. of Educ. v Loudermill, 470 US 532). The sanction imposed by the administrative agency, if based upon findings which are supported by substantial evidence, will not be disturbed on review unless it " ' "is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233, quoting Matter of Stolz v Board of Regents, 4 AD2d 361, 364; accord, Matter of Tyson v Hess, 66 NY2d 943, 945; Matter of Pollman v Fahey, 106 AD2d 771, 773). While dismissal is often based upon a record reflecting a pattern of misconduct (see, Matter of Santarella v New York City Dept. of Correction, 53 NY2d 948; Matter of Ronkese v Board of Educ., 82 AD2d 1011), a single incident may be so egregious as to justify dismissal (see, Matter of Tyson v Hess, supra; Matter of Pollman v Fahey, supra), particularly where the action endangers the well-being of others (supra). Further, a long and previously unblemished record does not foreclose dismissal from being considered as an appropriate sanction (see, Matter of Brais v Board of Educ., 92 AD2d 706).

Here, substantial evidence supports respondent's finding that petitioner orchestrated a plot to simulate asbestos removal at the Newburgh toll station. Petitioner's scheme of deception resulted in panic and nearly caused toll collectors to vacate the Newburgh station in fear for their health. Petitioner's assertion that nobody was in actual peril is of no moment. Indeed, there is every indication that the alarming situation created was precisely the result sought by petitioner. Such conduct by a public employee in a position of supervision cannot be countenanced or lightly disregarded. Further, as noted by the Hearing Officer, petitioner continued to display a lack of candor and a failure to appreciate the seriousness of

his actions. In light of the egregious nature of petitioner's actions and the resulting hysteria which flowed naturally and foreseeably therefrom, we cannot say that the penalty imposed by the agency was inconsistent with notions of fairness.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.