■ In the Matter of ROBERT J. OARE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which terminated petitioner's employment.

Petitioner was Deputy Superintendent of Administration at Elmira Correctional Facility from April 1976 to July 1985. By notice dated November 7, 1984, the Department of Correctional Services (DOCS) charged petitioner pursuant to Civil Service Law § 75 with, inter alia, sexually harassing several female subordinate employees during the period from January 1977 to October 1984. A hearing was conducted on the charges at which extensive testimony was received over a 13-day period. The Hearing Officer issued a 70-page report detailing the evidence presented and the evidence which he found credible. Although some of the charges were dismissed, the Hearing Officer sustained 17 charges of misconduct with respect to five female subordinate employees whom petitioner had allegedly sexually harassed. The Hearing Officer recommended that petitioner be immediately terminated from his position. Respondent adopted the factual findings of the Hearing Officer and imposed a penalty of dismissal from service effective July 31, 1985. Petitioner then commenced this proceeding contending (1) a violation of due process on the ground that DOCS' Bureau of Labor Relations (Bureau) rather than its Affirmative Action Office (AAO) processed the charges against him, (2) lack of substantial evidence, and (3) that the penalty imposed was unwarranted and an abuse of discretion. The matter was transferred to this court pursuant to CPLR 7804 (g).

We consider first petitioner's contention that DOCS violated its own rules by allowing its Bureau, rather than its AAO, to process the charges against him and that this resulted in a denial of due process. 9 NYCRR 4.19, which establishes the State's policy on sexual harassment in the workplace, provides in pertinent part that:

"I. The head of each department, agency, board, commission or other entity under the jurisdiction of the Executive Branch shall:

"a. issue a strong management policy statement defining and prohibiting sexual harassment in the workplace * * * The policy statement should make clear that sexual harassment is considered a form of employee misconduct * * *

"d. Develop guidelines to ensure the swift and thorough investigation of allegations and complaints of sexual harassment and enforcement of appropriate sanctions including disciplinary actions. The affirmative action officer shall have responsibility for processing complaints."

Respondent issued a policy statement consistent with this regulation. Relying principally upon that part of the regulation which states that "[t]he affirmative action office shall have responsibility for processing complaints" (9 NYCRR 4.19 [I] [d]), petitioner argues that DOCS' AAO had exclusive jurisdiction to process the charges against him.

We disagree. Prior to the enactment of specific departmental regulations dealing with sexual harassment, charges could be processed against an individual engaging in such "misconduct" under Civil Service Law § 75 (see, Matter of Petties v New York State Dept. of Mental Retardation & Developmental Disabilities, 93 AD2d 960). We do not believe that the intent or specific language of 9 NYCRR 4.19 supports the anomalous result that DOCS' Bureau can no longer initiate disciplinary action for sexual harassment independent of its AAO as it could under Civil Service Law § 75 prior to the issuance of the regulation. This is true, particularly since the regulation was designed to afford further protection from sexual harassment in the workplace. A rational interpretation of the regulation is that it was meant to foster the handling of sexual harassment problems by providing an alternative and perhaps more accessible route for victims to articulate their concerns and seek remedies. Indeed, the disputed language of the regulation can logically be read as mandating that complaints of sexual harassment cannot be ignored.

We hold that DOCS' Bureau had jurisdiction to process the

egregious charges against petitioner without first referring the matter to its AAO. Further, even if the matter had been referred to DOCS' AAO, petitioner would have received the same procedural protections afforded by DOCS' Bureau. Hence, petitioner's due process argument is meritless.

Petitioner next contends that respondent's determination that he sexually harassed several subordinate female employees is not supported by substantial evidence. The testimony of several women who worked as subordinates to petitioner in the office indicates that his sexual harassment created an intimidating and offensive working environment. There was testimony that on numerous occasions petitioner would call female subordinates into his office, close the door, have them come around to his side of the desk upon the pretext of explaining work, and then he would place his hands on various parts of their bodies, including the genital area. Petitioner routinely put his arms around and pinched the buttocks of various female subordinates. One woman testified that petitioner put his arm around her and fondled her breasts on at least 10 occasions despite her protests. Another testified that petitioner often put his hand on her leg while she worked a word processor and that on one occasion he pulled her onto his lap. Petitioner participated in and often initiated sexual conversations in the office. He called one female by a nickname which referred to the physical characteristics of her body and he made frequent comments to other female employees about their bodies. He made sexual advances, exposed his genital areas and caused female subordinates to touch his genital area. Several women expressed their fear of petitioner's violent temper and allegedly did not report many of these incidents earlier because they were afraid of him. One woman testified that, motivated partly by fear of petitioner and a desire to advance at work, she performed numerous acts of oral sex upon petitioner in his office.

Petitioner denied engaging in most of these activities or attempted to portray them as innocent events. However, it was for the Hearing Officer and respondent to assess credibility (see, Matter of Silverfarb v Board of Coop. Educ. Servs., 60 NY2d 979, 981). Accepting the fact that for the most part the Hearing Officer found the testimony of the women complainants to be credible, it is clear that substantial evidence supports each of the charges for which petitioner was ultimately found guilty.

Petitioner further asserts that the penalty of dismissal was too severe in light of his lengthy term of employment and

unblemished record in DOCS. Petitioner had worked for DOCS for 22 years and had consistently received very good performance evaluations. Further, numerous individuals who had worked for or with petitioner either testified on his behalf or submitted letters attesting to their belief in his good character. However, this court has recently held that "a long and previously unblemished record does not foreclose dismissal from being considered as an appropriate sanction" *(Matter of Keith v New York State Thruway Auth.,* 132 AD2d 785, 786). Additionally, we have previously stated that "[s]exual harassment in the work place is among the most offensive and demeaning torments an employee can undergo" *(Matter of Petties v New York State Dept. of Mental Retardation & Developmental Disabilities,* 93 AD2d 960, 961, *supra).* Petitioner was a high level administrator who supervised an office of 30 clerical people, 27 of whom were women. The evidence credited by respondent established a long and consistent pattern of grievous sexual harassment by petitioner. We cannot say as a matter of law that the punishment was so disproportionate as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.