█ In the Matter of THOMAS CROOKSTON, Petitioner, v ROBERT T. BROWN, as President of Ulster County Community College, Respondent.—Mercure, J.

Petitioner, employed as a building maintenance foreman with Ulster County Community College for six years, was served with a written statement of charges pursuant to Civil Service Law § 75 alleging eight acts of misconduct, essentially consisting of exploiting his capacity as a supervisor by the sexual harassment of two female employees. Following a hearing, 7 of the 8 charges were sustained and the Hearing Officer recommended that petitioner be demoted. Respondent rejected the penalty recommendation and terminated petitioner's employment, giving rise to this proceeding. Petitioner contends that the punishment of termination is excessive and disproportionate, and that the determination of misconduct is not supported by substantial evidence. We disagree.

Petitioner denied the charges and the Hearing Officer and respondent chose to believe the complainants. The testimony posed a clear-cut issue as to the veracity of the witnesses, and we see no reason to disturb respondent's determination respecting the witnesses' credibility *(see, Matter of Collins v Codd,* 38 NY2d 269). The two female complainants, both of whom were dependent upon petitioner's recommendation to either retain their jobs or gain promotion, recounted many instances where petitioner engaged them in sexually oriented conversations to which they objected, including explicit narratives regarding the details and consequences of petitioner's recent vasectomy. There is ample evidence that he touched and kissed one complainant against her will and offered to falsify her attendance record in return for sexual favors. Moreover, the record also reveals that petitioner expressed sexual desire to the other complainant while touching her in a suggestive manner. Suffice it to say that these actions and others like them in the record support the determination of misconduct.

Last, upon this record we cannot say that the penalty of dismissal is so disproportionate to the offense as to shock our sense of fair treatment *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see also, Matter of Gailband v Christian,* 56 NY2d 890). We find no error in the fact that respondent disagreed with the Hearing Officer's recommended penalty *(see, Matter of Sanchez v Board of Examiners of Nursing Home Adm'rs,* 93 AD2d 916). Although many victims of sexual harassment may "demonstrate tangible job-related losses, such as termination [or] loss of promotion * * * many others will suffer from less obvious but equally devastating effects such as inability to perform a job * * * fear * * * nervousness * * * and physical symptoms like headaches [and] nausea" *(Rudow*

*v New York City Commn. on Human Rights,* 123 Misc 2d 709, 721, *affd* 109 AD2d 1111, *lv denied* 66 NY2d 605). In *Matter of Petties v New York State Dept. of Mental Retardation & Developmental Disabilities* (93 AD2d 960) this court upheld a determination terminating a supervisor for sexually harassing female employees. The court held that "[s]exual harassment in the work place is among the most offensive and demeaning torments an employee can undergo" *(supra,* at 961; *see also, Matter of Brais v Board of Educ.,* 92 AD2d 706).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.