■ In the Matter of H. JAMES DEAN, Petitioner, v PETER A. BRADFORD, as Chairman of the State of New York Department of Public Service, Respondent.—Levine, J.

In 1982, petitioner, then employed by the Department of Labor, sought to transfer to an administrative position with the Department of Public Service (hereinafter DPS). In connection with this transfer, petitioner completed an employment application dated April 2, 1982 and submitted a resume.

Petitioner's resume stated that he had received a B.A. degree from Morgan State College. Petitioner signed his employment application affirming that all statements were true and that he understood that a false statement could cause his dismissal. Petitioner was hired by DPS as a senior administrative assistant and he was assigned to the Office of the Secretary in the New York City office.

Thereafter, in late 1983, the New York County District Attorney began an investigation into petitioner's official conduct based upon allegations that petitioner had assigned work related to a personal business venture to State employees. Counsel to DPS was notified of the investigation and was asked to provide certain documents, but was requested to keep the matter confidential. During the same period, DPS' Albany office became aware of various questionable activities of petitioner and received information indicating that petitioner had falsely claimed to have a college degree, but took no action due to the pending criminal investigation. The District Attorney closed the investigation of petitioner in September 1985, concluding that there was not sufficient evidence of criminal conduct to warrant prosecution. In December 1986, Peter Fort, petitioner's immediate supervisor, detailed petitioner's work performance since the end of the District Attorney's investigation and claimed that petitioner was engaged in theft of services from DPS and that there had been allegations of harassment by petitioner of permanent and temporary employees.

In January 1987, John Kelliher, Secretary to the Public Service Commission, requested assistance from the Office of the Inspector General to investigate the various complaints and suspicions against petitioner. Thereafter, an investigation was conducted by John Chandler of that office, who interviewed 29 persons and submitted a report on April 20, 1987. In August 1988, a notice of discipline was served on petitioner charging him with (1) making a false statement on his application for employment with DPS that he had received a B.A. degree from Morgan State College, (2) operating a private consulting business from his office at DPS and using DPS employees, facilities and equipment in connection therewith, and (3) incompetence in the performance of his duties as a supervisor. Included with the notice of discipline were seven appendices which contained numerous memoranda, letters and investigative reports pertaining to petitioner's alleged misconduct.

Petitioner served an answer denying the charges. In addi-

tion, petitioner moved for, *inter alia,* dismissal of the charges, a change of venue, to strike appendix A and portions of appendix B, and for recusal of the Hearing Officer if he should read the prejudicial material allegedly contained in appendices A and B. The Hearing Officer denied the motions for change of venue and recusal and reserved decision on petitioner's other motions.

At the hearing on the charges, several DPS personnel and Chandler, who had conducted the Inspector General's investigation of petitioner, testified on behalf of DPS. In addition, DPS submitted evidence in the form of interoffice memoranda, letters and worksheets regarding petitioner's telephone usage and a telephone log in further support of the charges. Petitioner did not testify or present any evidence in defense. Following the hearing, the Hearing Officer issued a detailed decision finding petitioner guilty of all three charges and recommending his dismissal from State service. Respondent adopted the findings and recommendation of the Hearing Officer. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination.

Petitioner's main contention is that respondent's determination is unsupported by substantial evidence. We disagree. As to the first charge, respondent submitted a letter from the director of the office of records and registration of Morgan State University (formerly Morgan State College) stating that there was no record of petitioner being registered as a student or graduating from that institution. In relation to the second charge alleging that petitioner operated a private business from his State workplace, there was documentary evidence that petitioner made numerous local and long-distance phone calls to persons having no apparent connection with DPS. This evidence, in combination with the additional hearsay evidence indicating that petitioner managed his private business venture from his office at DPS, was sufficient to constitute substantial evidence *(see, Matter of Diehsner v Schenectady City School Dist.,* 152 AD2d 796), particularly because petitioner's failure to testify permitted the Hearing Officer to draw all adverse inferences which the evidence permits *(see, Matter of Gongola v Szado,* 85 AD2d 853, 854). Finally, respondent's determination that petitioner was incompetent in the performance and execution of his supervisory duties was also supported by substantial evidence. Testimony from DPS personnel at the hearing indicated that petitioner was given an assignment to prepare a training program for one of his

assistants and that he had been offered guidance to assist him in completing the task. Documentary evidence in the form of an interoffice memorandum written by petitioner shows that petitioner refused to carry out this assignment.

Petitioner also contends that charges I and II were barred by the time limitation set forth in Civil Service Law § 75 (4). This provision requires that charges be brought within 18 months after the occurrence which forms the basis for the charges, except where the alleged misconduct would constitute a crime. Petitioner contends that the specifications set forth in charges I and II do not constitute criminal conduct and, therefore, the charges are not exempt from the 18-month time limitation.

Respondent, on the other hand, argues that petitioner's application for public employment is properly considered a written instrument under Penal Law § 175.00 (3) and, therefore, petitioner's act of falsely representing that he had a college degree on his employment application would constitute the crime of offering a false instrument for filing in the second degree (Penal Law § 175.30). In our view, respondent's contention has merit *(cf., People v Briggins,* 50 NY2d 302, 305 [application for motor vehicle license held to be a "written instrument" under Penal Law]). We also agree with respondent that the acts described in charge II were sufficient to constitute the crime of theft of services pursuant to Penal Law § 165.15 and the necessary elements of that crime were supported by substantial evidence. We have considered petitioner's remaining contentions and find them also to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.