■ In the Matter of PHILLIP COMEAU, Petitioner, v BOARD OF EDUCATION OF THE BALLSTON SPA CENTRAL SCHOOL DISTRICT, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent which discharged petitioner from his employment.

Petitioner was employed as the Supervisor of Transportation of the Ballston Spa Central School District (hereinafter the District). In January 1989, the District's Superintendent of Schools served petitioner with 17 charges of alleged misconduct. In substance, these charges alleged that petitioner sexually harassed several female subordinate employees during the period from September 1988 to December 1988 and also frequently used crude and profane language in the workplace despite several complaints from co-workers and warnings from superiors not to do so. A two-day hearing on these charges was conducted before a Hearing Officer pursuant to Civil Service Law § 75. At the conclusion of the hearing, the Hearing Officer issued findings of fact and conclusions of law in which petitioner was found guilty of several of the charges brought against him. The Hearing Officer recommended that petitioner be suspended from work for three months and that petitioner seek therapy for "sexual harassment in the work place". Respondent accepted the Hearing Officer's findings and also made additional findings of misconduct. Respondent elected not to adopt the Hearing Officer's recommended penalty and instead voted to discharge petitioner from his employment

with the District. Petitioner thereafter commenced this CPLR article 78 proceeding principally seeking an order annulling respondent's determination and reinstating petitioner with full back pay.

The determination must be confirmed. Petitioner contends that there was not substantial evidence in the record to support each of the enumerated charges on which petitioner was found guilty. We disagree. Contrary to petitioner's assertions, the record contains ample evidence to support the determination. The record contains detailed testimony from the chief complainant, Tina Luce, describing how petitioner patted her on the buttocks on almost a daily basis and also squeezed her left breast on one occasion. Luce also testified that when she refused petitioner's request to meet him for lunch, petitioner became angry and berated her. On another occasion, when Luce was in petitioner's office, he began commenting in a loud voice "Tina get your hands off of me * * * it is getting hot in here", so that co-workers within earshot would assume they were engaging in intimate contact. Luce stated that she slapped petitioner on more than one occasion for this behavior, requested that he desist and reported his behavior to others, but he would not stop. Although petitioner denied all these accusations, other witnesses called by respondent corroborated much of her testimony and several people stated that they saw petitioner touch Luce's buttocks on more than one occasion.

Regarding the remaining charges sustained against petitioner, other witnesses testified that petitioner made them feel embarrassed or uncomfortable by touching them on their buttocks or kissing them without their consent. Another witness stated that petitioner made derogatory comments about her weight in the presence of co-workers. Additionally, petitioner's repeated use of vulgar language and swear words on the job, despite warnings not to do so, is well documented on the record.

Although petitioner contends that his denial of misconduct should have been accorded greater weight, the Hearing Officer and respondent chose to credit the testimony of the victims. Because assessing witness credibility was the responsibility of these entities, we see no reason to disturb the determination on this basis (see, Matter of Crookston v Brown, 140 AD2d 868, 869; Matter of Oare v Coughlin, 133 AD2d 943, lv denied 70 NY2d 615). Moreover, petitioner's claim that Luce's testimony against him is the result of the ill will she allegedly harbored against him because he removed her name from a promotion

list is unsupported by the record. Luce did not learn of petitioner's action against her until December 12, 1988, well after the time Luce began complaining about petitioner's conduct. We are also unpersuaded by petitioner's contention that respondent failed to establish that his actions disrupted the workplace. Not only were the victims embarrassed and upset by petitioner's actions, fellow workers who witnessed this and other behavior were made uncomfortable to the point that they had to complain about petitioner. Luce testified that she quit her maintenance job in December 1988 because of the unrelenting nature of petitioner's unwanted attention.

Turning to the penalty imposed, in light of the evidence presented we cannot say as a matter of law that dismissal was so disproportionate to the charged conduct as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Oare v Coughlin, supra, at 946).* We find no error in the fact that respondent disagreed with the Hearing Officer's recommended penalty *(see, Matter of Crookston v Brown, supra, at 869).* As this court has noted in the past, "[s]exual harassment in the workplace is among the most offensive and demeaning torments an employee can undergo" *(Matter of Petties v New York State Dept. of Mental Retardation & Developmental Disabilities, 93 AD2d 960, 961).*

Petitioner's remaining contentions have been examined and found to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.