■ In the Matter of JOHN K. WADE, Petitioner, v TOWN OF TICONDEROGA TOWN BOARD, Respondent. [681 NYS2d 833] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondent which terminated petitioner's employment as the Chief of Police of the Town of Ticonderoga.

On September 10, 1997, disciplinary charges were brought against petitioner, at that time the Chief of Police of the Town of Ticonderoga in Essex County, in connection with his sexual

misconduct directed at two present or former Town employees. The charges were amended on September 17, 1997 to include further acts committed against two female residents of the Town. A disciplinary hearing was conducted pursuant to Civil Service Law § 75 in October 1997, and a Hearing Officer found petitioner guilty of all but one of the charges and recommended that petitioner be dismissed. Upon administrative review, respondent adopted the Hearing Officer's recommendation and dismissed petitioner from his position. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination. We conclude that the petition is lacking in merit and, accordingly, confirm respondent's determination.

As a threshold matter, we reject the contention that certain of the disciplinary charges brought against petitioner were barred by the Statute of Limitations of Civil Service Law § 75 (4). We first note our disagreement with the argument that, because petitioner is a "managerial employee", the one-year Statute of Limitations applicable to "*a state employee* who is designated managerial or confidential under [Civil Service Law article 14]" (Civil Service Law § 75 [4] [emphasis supplied]) controls here. The simple answer is that, as a Chief of a Town police force, petitioner was not a State employee. Therefore, the general 18-month Statute of Limitations will govern all of the specifications against petitioner except those which, "if proved in a court of appropriate jurisdiction, [would] constitute a crime" (Civil Service Law § 75 [4]), in which case no limitations period applies (Civil Service Law § 75 [4]; *see, Matter of Dean v Bradford*, 158 AD2d 772, 775). In our view, all of the specifications against petitioner alleging misconduct that occurred more than 18 months prior to the commencement of the proceeding would, if established at trial, have made out either the crime of sexual abuse in the third degree in violation of Penal Law § 130.55 or the crime of aggravated harassment in the second degree in violation of Penal Law § 240.30 (1), or both.

Next, we reject the argument that the specifications against petitioner (all of which were either admitted by petitioner or supported by the overwhelming weight of the hearing evidence) failed to establish any misconduct on his part. Petitioner's unprovoked, unwelcome and unwarranted sexual advances, sexual contact and demeaning comments of a sexual nature were entirely inappropriate and constituted conduct unbecoming a police officer (*see, Matter of Comeau v Board of Educ.*, 160 AD2d 1150, 1151; *Matter of Brais v Board of Educ.*, 92 AD2d 706, 707). For similar reasons, we conclude that the

penalty of dismissal was warranted. As previously held by this Court, "[s]exual harassment in the work place is among the most offensive and demeaning torments an employee can undergo" (*Matter of Petties v New York State Dept. of Mental Retardation & Dev. Disabilities*, 93 AD2d 960, 961), and the penalty imposed was by no means so disproportionate as to shock our sense of fairness (*see, Matter of Comeau v Board of Educ., supra*, at 1152; *Matter of Crookston v Brown*, 140 AD2d 868, 869-870).

Petitioner's remaining contentions, including the wholly conclusory and unsupported claim that each of the notices of charges served upon him was "palpably improper and defective on its face and failed to set out sufficient information to allow [him] to answer and defend said charges", have been considered and found to be unavailing.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.