■ In the Matter of CHARLES BURKES, Petitioner, v ENLARGED CITY SCHOOL DISTRICT OF TROY BOARD OF EDUCATION et al., Respondents. [684 NYS2d 57] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondents which terminated petitioner's employment as a teacher's aide.

Petitioner, an 11-year employee of respondent Enlarged City School District of Troy, was terminated as the result of a misconduct charge filed against him by the Superintendent of Schools pursuant to Civil Service Law § 75. The preferred charge included 16 specifications alleging that petitioner made physical contact with various students which caused them to be upset, frightened and fearful for their safety; he grabbed one student, ripped his shirt and bruised his arm, disregarding the principal's advice and counseling not to touch students unless issues of safety prevailed. The charge further alleged that petitioner threatened, teased and intentionally embarrassed students, made inappropriate comments and called them names, had inappropriate conversations with female students and at least one staff member which were sexual in nature and grabbed a co-workers' wrist, all in violation of school policy. After a hearing, which included testimony of not only petitioner but also 25 other witnesses, the Hearing Officer dismissed four of the charges for lack of evidence and found sufficient evidence to support the remaining 12 specifications. Upon the recommendation of termination, adopted by respondent Enlarged City School District of Troy Board of Education, petitioner's employment was terminated, prompting this proceeding.

Addressing whether sufficient evidence was presented to support the finding of misconduct, we temper our review by the limitations of having "neither [the authority to] weigh the evidence on the record nor substitute our judgment for that of the Hearing [Officer]" (*Matter of McSweeney v Board of Educ.*, 138 AD2d 847, 848), with deference given to findings of credibility and the weight to be accorded to testimonial and documentary evidence (*see, id.*, at 848; *see also, Altsheler v Board of Educ.*, 62 NY2d 656). Applying this standard, we find the requisite quantum of proof to support each of the remaining 12 specifications (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176).

Each specification was supported by either the direct testimony of the student involved, testimony of the classroom teacher who was an eyewitness to the events, testimony of the former principal of the school recounting his oral warnings to

petitioner, followed by documentary evidence, or testimony of both the classroom teacher and other employees who corroborated the events. As to at least one of these specifications, the classroom teacher testified that the student reported the event to her which was later admitted to by petitioner. With respect to allegations of inappropriate physical contact with students, the students testified consistently with that of the Title XIV coordinator who interviewed the students. Concerning petitioner's behavior with female staff, testimony was received by one staff member and the school principal testified as to his handling of the second matter by speaking to both the staff member and petitioner. Finding that all specifications which were either contradicted by the student named or were supported solely by hearsay testimony were appropriately dismissed, there exists no basis upon which to disturb the determination rendered.

We further reject any alleged due process errors since the hearing held pursuant to Civil Service Law § 75 accorded petitioner the same opportunities which would have been provided to him by the School District's adherence to its sexual harassment polices and its resultant investigation (*see, Matter of Oare v Coughlin*, 133 AD2d 943, *lv denied* 70 NY2d 615). As to petitioner's further claims that he was not aware that his physical interaction with students was inappropriate, the record is replete with oral warnings given by no less than three witnesses.

Finding petitioner's conduct pervasive and particularly egregious in light of the special education population upon which these infractions were targeted, we decline to disturb the penalty adopted by the Board. " '[A] long and previously unblemished record does not foreclose dismissal from being considered as an appropriate sanction' " (*Matter of Oare v Coughlin, supra*, at 946, quoting *Matter of Keith v New York State Thruway Auth.*, 132 AD2d 785, 786).

The determination of respondents is confirmed in its entirety.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.