■ In the Matter of SUSAN J. DRUCKER, Appellant, v HOFSTRA UNIVERSITY et al., Respondents. [719 NYS2d 263] —In a proceeding pursuant to CPLR article 78 to review a determination of Herman A. Berliner, as Provost of Hofstra University, dated June 14, 1999, to terminate the petitioner's employment as Chair of the Department of Speech Communication and Rhetorical Studies, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), entered March 1, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination to remove the petitioner as Chair of the Department of Speech Communication and Rhetorical Studies because of her failure to maintain "an effective communication climate" with her faculty, in violation, *inter alia*, of Hofstra University's Faculty Policy Series No. 13, § I (C), was not arbitrary, capricious, or irrational (*see,* CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Contrary to the petitioner's contention, she was not hired unconditionally. According to the collective bargaining agreement, which was incorporated by reference into the petitioner's contract of employment, she could be removed for "good cause" upon the

filing of a petition signed by two-thirds of the membership of her department, followed by a meeting between the dean and the department membership (*see,* Collective Bargaining Agreement article 21.4; Faculty Policy Series No. 13, § 8). The record discloses that the respondents followed their own procedures, and the petitioner had ample opportunity to present her side of the case (*see, Maas v Cornell Univ.,* 94 NY2d 87, 92; *Matter of Olsson v Board of Higher Educ.,* 49 NY2d 408, 413; *Matter of Comeau v Board of Educ.,* 160 AD2d 1150, 1151). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.