Pigott, Jr., EJ., and Hurlbutt, J. (dissenting in part):
We respectfully dissent in part. We agree with the majority that the acts committed by petitioners constitute misconduct under Civil Service Law § 75 “regardless of the absence of a specific departmental regulation declaring [them] so” (Matter of Petties v New York State Dept. of Mental Retardation & Dev. Disabilities, 93 AD2d 960, 961 [1983]) and that the determinations that petitioners are guilty of misconduct are supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). We cannot agree, however, that the penalty of termination is disproportionate to the offense. Petitioners are both mechanics who were employed by respondent, one for approximately 12 years and the other for approximately 17 years. Petitioner Maison Scahill admitted at his disciplinary hearing that he had purchased untaxed cigarettes at Indian reservations, and each petitioner admitted at his respective disciplinary hearing that storage compartments were added to a vehicle owned by respondent in order to store those cigarettes and that the cigarettes were then distributed to school employees while on school property before, during and after work. Although petitioners each had previously unblemished employment records, their storing, selling and distributing untaxed cigarettes on school property was unlawful. Indeed, Scahill was arrested for the violation of Tax Law § 1814 (a) (attempting to evade or defeat tax imposed on cigarettes) and § 1814 (d) (possessing or transporting unstamped packages of cigarettes subject to tax for the purpose of sale), both misdemeanors, and petitioner John M. Starr was also arrested for the violation of Tax Law § 1814 (d). In our view, the penalty of termination is not so disproportionate to the offense as to be shocking to one’s sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. *912 No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). We therefore would confirm the determination in each proceeding and dismiss each petition therein. Present — Pigott, Jr., PJ, Pine, Hurlbutt, Kehoe and Hayes, JJ.