■ In the Matter of RICHARD KOCUR, Petitioner, v ERIE COUNTY WATER AUTHORITY, Respondent. [780 NYS2d 694]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered February 20, 2004) to review a determination of respondent. The determination found petitioner guilty of misconduct and terminated his employment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination dismissing him from his employment as a water treatment plant operator on the ground of misconduct. Petitioner was charged with misconduct arising from the operation of an official motor vehicle in a reckless and dangerous manner during the course of his employment. Petitioner was operating his vehicle partially on the shoulder of the road and allegedly accelerated in order to prevent another motor vehicle from passing his vehicle. The other motor vehicle was thereby forced into oncoming traffic, where a collision was narrowly averted.

Although the Hearing Officer found after the hearing that petitioner's operation of the motor vehicle was not reckless and dangerous, he nevertheless found that it had been neither professional nor safe, and he recommended that the penalty of a verbal warning be imposed. Respondent, however, found petitioner guilty as charged. In imposing a penalty of dismissal from employment, respondent noted that, contrary to the determination of the Hearing Officer, the fact that petitioner tested

positive for drug use immediately after the incident was "relevant to the issue of penalty."

We reject petitioner's contention that respondent was bound by the Hearing Officer's findings of fact. "[T]he findings of the hearing officer are not conclusive and may be overruled by the official upon whom has been imposed the power to remove or mete out the discipline, provided, of course, that the latter's action is supported by substantial evidence" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]). Thus, respondent "was entitled to find petitioner guilty [as charged] if the hearing evidence provided adequate factual support therefor" (*Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 256 AD2d 700, 701 [1998]). Also contrary to petitioner's contention, the determination, which hinged upon the credibility of the other motorist, is supported by substantial evidence. The testimony of the other motorist was accepted by respondent as true. Where, as here, "the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency" (*Matter of Ernst v Saratoga County*, 251 AD2d 866, 867 [1998]).

We further conclude that the penalty of dismissal is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). "Even assuming that a lesser penalty may have been more appropriate, [we conclude that] it is not proper to substitute our judgment for that of [respondent]" (*Matter of Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]). In determining the penalty, respondent properly considered evidence of petitioner's history of drug abuse and the positive drug test results (*see Matter of Bigelow v Board of Trustees of Inc. Vil. of Gouverneur*, 63 NY2d 470, 474 [1984]), even though that evidence was not set forth "in the statement of charges" (*Matter of Massaria v Betschen*, 290 AD2d 602, 605 [2002]). Respondent also properly considered the sensitive nature of petitioner's duties.

Finally, we reject the contention of petitioner that he was punished twice for the positive drug test results. While petitioner was immediately suspended from employment for a 30-day period based on the positive drug test results in accordance with the collective bargaining agreement, he was dismissed from employment for the misconduct that gave rise to that drug test. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.