■ In the Matter of CHARLES ROGERS et al., Petitioners, v SHERBURNE-EARLVILLE CENTRAL SCHOOL DISTRICT, Respondent.
[792 NYS2d 738]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chenango County) to review a determination of respondent which terminated the employment of petitioner Charles Rogers.

Following a hearing, petitioner Charles Rogers' employment as a teacher's aide was terminated based upon findings that he falsified a time sheet and showed a pattern of excessive leave time usage and abuse of leave time benefits. Petitioners commenced this CPLR article 78 proceeding to annul the determination, claiming that the findings of fact and recommendations were not supported by substantial evidence, the penalty was

excessive and the selection of the Hearing Officer violated Rogers' due process rights. Pursuant to Supreme Court's order, the case was transferred to this Court.

Mindful that in reviewing this administrative determination, we must consider whether the decision is supported by substantial evidence but "may not weigh the evidence and substitute [our] own judgment even in light of conflicting testimony" (*Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, 798 [1998], *lv denied* 92 NY2d 810 [1998]), we now affirm. No dispute exists that Rogers represented on his time sheet that he worked more hours than he, in fact, had worked. Instead, Rogers contends that he believed he was entitled to compensatory time and that he was assured by the teacher in the room in which he was working that he could leave early. The teacher, however, denied giving him such assurance and testified that when she saw that Rogers had filled in his time sheet as working a full day, she immediately contacted school administration to tell them the information was false. Faced with conflicting stories and finding inconsistencies in Rogers' testimony, the Hearing Officer was free to resolve the credibility issue against him (*see Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822 [2005]; *Matter of Loffredo v Sobol*, 195 AD2d 757, 759 [1993], *lv denied* 82 NY2d 658 [1993]; *Matter of Edelman v Sobol*, 174 AD2d 896, 897 [1991], *appeal dismissed* 78 NY2d 1006 [1991]).

Ample, unrefuted evidence supports the Hearing Officer's finding that Rogers showed a pattern of excessive leave time usage. Although he presented evidence that he was contractually entitled to much of the leave, the record also demonstrates that after being warned against taking excessive leave, Rogers abused leave time benefits on several occasions, once claiming sick leave to go hunting and on two other occasions claiming more time on his time sheet than he actually worked. Accordingly, substantial evidence supports the determination that Rogers abused leave time benefits (*see Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]).

Turning to petitioners' challenge to Rogers' penalty, we note that "[w]hen determining the appropriateness of a penalty, a court must consider whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense as to shock one's sense of fairness" (*Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist.*, 235 AD2d 912, 914 [1997]; *see Matter of Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]; *Matter of Massaria v Betschen*, 290 AD2d 602, 605 [2002]). Notably, even a "long and previously unblemished record does not foreclose dismissal from

being considered as an appropriate sanction" (*Matter of Keith v New York State Thruway Auth.*, 132 AD2d 785, 786 [1987]; *see Matter of Burkes v Enlarged City School Dist. of Troy Bd. of Educ.*, 257 AD2d 891, 892 [1999]; *Matter of Oare v Coughlin*, 133 AD2d 943, 946 [1987], *lv denied* 70 NY2d 615 [1988]). Rogers had twice received warnings related to his use of sick time and had been warned that falsifying time records could result in discipline, including termination. Considering his lack of remorse and failure to take responsibility for his actions, the penalty of dismissal, even if there was an otherwise adequate performance record, cannot be said to " 'shock[ ] the judicial conscience' " (*Matter of Winters v Board of Educ. of Lakeland Cent. School Dist.*, 99 NY2d 549, 550 [2002], quoting *Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]).

We have considered and rejected petitioners' remaining contentions concerning alleged bias by the Hearing Officer (*see Matter of Helmer v New York State & Local Employees' Retirement Sys.*, 305 AD2d 949, 950 [2003]; *Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 523 [2004]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.