Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Madison County) to review a determination of respondent Board of Education of the Maine-Endwell Central School District terminating petitioner’s employment.
In February 2011, petitioner, a special education aide employed by respondent Maine-Endwell Central School District since 1999, sought approval from her principal to take certain days off from work — including, insofar as is relevant here, April 18 and 21, 2011. As the days in question would have extended an existing school holiday,* petitioner was informed that her request required the approval of the District Superintendent. Ultimately, petitioner’s request regarding these two days was denied and, in conjunction therewith, petitioner was notified “that she could not take those days [off] under any circumstances” — specifically, petitioner was warned, “[D]on’t take sick time. Don’t not come in.” Petitioner did not heed these directives — opting instead to go to the Dominican Republic from April 10 to 22, 2011. While there, petitioner notified the school via email that she was taking April 18 and 21, 2011 off as “family sick” days.
As a result, petitioner was charged pursuant to Civil Service Law § 75 with misconduct, insubordination and being absent without leave. At the conclusion of the hearing that followed, petitioner was found guilty of all charges, and the Hearing Officer recommended that petitioner be terminated from her employment. Respondent Board of Education of the MaineEndwell Central School District adopted that recommendation, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Board’s determination.
Petitioner’s primary challenge on review is directed to the propriety of the penalty imposed. Our task, in this regard, is to determine “whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offense[s] as to shock one’s sense of fairness” (Matter of Bottari v Saratoga *1222 Springs City School Dist., 3 AD3d 832, 833 [2004] [internal quotation marks and citations omitted]; accord Matter of Thornton v Edwards-Knox Cent. Sch. Dist. Bd. of Educ., 105 AD3d 1206, 1206-1207 [2013]; see Matter of Kuznia v Adams, 106 AD3d 1227, 1231 [2013]). Notably, it is not the role of this Court to either “second-guess the administrative agency [ ]or substitute its own judgment for the action taken” (Matter of Liguori v Beloten, 76 AD3d 1156, 1158 [2010], lv denied 16 NY3d 702 [2011]) — even if “a lesser penalty may have been more appropriate” (Matter of Bottari v Saratoga Springs City School Dist., 3 AD3d at 833; accord Matter of Kocur v Erie County Water Auth., 9 AD3d 910, 911 [2004], lv denied 4 NY3d 703 [2005]).
Contrary to petitioner’s assertion, the record reflects that both the Hearing Officer and the Board gave due consideration to the mitigating factors present here — namely, petitioner’s consistently positive performance evaluations, her lack of a prior disciplinary record, her family’s dependence upon her employment as a source of income/health insurance and, finally, the fact that she made arrangements for a substitute to cover her classes on the days she elected to be absent. As this Court has observed, however, “even a long and previously unblemished record does not foreclose dismissal from being considered as an appropriate sanction” for demonstrated misconduct (Matter of Rogers v Sherburne-Earlville Cent. School Dist., 17 AD3d 823, 824-825 [2005] [internal quotation marks and citation omitted]) — particularly where, as here, an employee openly defies an employer’s express directive. As there is ample evidence to support the finding that petitioner’s absence" “was a well-planned event taken in direct contravention of a direct order,” we cannot say that the penalty of termination is shocking.
Finally, petitioner contends that certain affidavits from various Board members improperly were submitted with respondents’ answer. To the extent that petitioner’s arguments on this point are properly before us, we find them to be lacking in merit. Simply put, nothing contained in the subject affidavits in any way augments or attempts to correct deficiencies existing in the administrative record — the sufficiency of which petitioner has not challenged on review (see Matter of Thornton v Edwards-Knox Cent. Sch. Dist. Bd. of Educ., 105 AD3d at 1208).
Lahtinen, J.E, McCarthy and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner’s school was closed from April 11 to 15, 2011 for spring recess, and petitioner was slated to be absent on April 19 and 20, 2011 for religious observances. Hence, by taking time off on April 18 and 21, 2011, petitioner could effectively fashion a two-week absence from the classroom.