In the Matter of CATHERINE M. P. COLLERY, Respondent, against TEACHERS' RETIREMENT BOARD et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, the Teachers' Retirement Board and others appeal from an order dated July 3, 1943, reinstating respondent as a teacher and holding that the determination of the Teachers' Retirement Board and the Medical Board of the Teachers' Retirement System should be revoked as being null and void, and granting respondent further incidental relief.   Order reversed

on the law and the facts, with ten dollars costs and disbursements, and the petition dismissed, without costs. The most that this record discloses is a conflict of medical opinion as to the degree and extent of respondent's physical disability and the effect, thereof on her fitness to continue as a teacher. Under such circumstances the responsibility for making the determination is imposed by statute upon the officials designated therein. Courts may not substitute their judgment for that of the officers endowed by statute with the power to make such decisions. It may not be said as a matter of law that the degree and character of the examinations made by the Medical Board and its employees were insufficient or inadequate properly to inform them as to the respondent's physical condition, especially when the officials had before them, pursuant to statute, the conflicting claimed findings and contentions advanced on behalf of the respondent. (*Matter of Blair* v. *McSweeny*, 266 App. Div. 944, leave to appeal denied 291 N. Y. 827; *Matter of Eichler* v. *McElligott*, 259 App. Div. 151.) In view of the above determination, the appeal from the alternative order dated May 22, 1942, is dismissed, without costs. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.