■ In the Matter of Albert Coriou, Appellant, v. Ewald B. Nyquist, as Acting Commissioner of Education of the State of New York, Respondent.— Greenblott, J. Appeal from a judgment of the Supreme Court at Special Term, entered January 18, 1967 in Albany County, which dismissed petitioner's application, in a proceeding under CPLR article 78, to vacate an order issued by the Acting Commissioner of Education. On December 1, 1959, appellant received a two-year probationary appointment to a position as a regular junior high school teacher of industrial arts. On October 1, 1961 he was notified by his principal that he had received a satisfactory rating and was recommended for tenure, effective December 1, 1961. On October 27, 1961, the principal instituted proceedings for the psychiatric examination of appellant. The results were unfavorable and appellant was notified that his services would be terminated on November 30, 1961. He was, however, retained in a clerkship position until April 2, 1962, when he was placed on leave of absence, without pay, until he was suspended by the Superintendent of Schools on May 23, 1963. Subsequent to his dismissal, appellant was served with a copy of charges alleging that the Medical Division of the Board of Education found him to be unfit to properly perform his duties as a teacher. After a hearing, the Examiner's report concluded that appellant was medically unfit and "unable to properly perform his duties as a teacher". Upon recommendation of dismissal by the Board of Education, appellant's appeal to the Acting Commissioner of Education was dismissed. The determination of the Acting Commissioner of Education is subject to review by this court. The statutory limitation on review of the Commissioner's proceeding (Education Law, § 310) does not extend to determinations claimed to be "arbitrary or capricious" (*Matter of Beam* v. *Wilson*, 279 App. Div. 277). At issue is whether evidence of psychological unfitness is sufficient to sustain a dismissal against a teacher who, by virtue of his tenure, is entitled to hold his position "during good behavior and efficient and competent service". (Education Law, § 2573, subd. 5.) It is settled that a determination of incompetence may properly be grounded upon evidence of physical disability (*Matter of Loucks* v. *Board of Educ. of City of Amsterdam*, 258 App. Div. 1003). Since effective performance of one's duties may be impaired by psychological disabilities as completely as in the case of a physical defect, it follows that evidence as to psychological disabilities should be sufficient to prove incompetence and justify a dismissal. Although witnesses produced in appellant's behalf testified that he was competent to teach, the resolution of the conflicting medical testimony was a matter for the board since the respondent's psychiatrists testified that appellant was "unable to render consistent and effective service as a teacher" and that he was "too ill to be considered for a permanent appointment". The degree and character of the examinations were sufficient to properly inform the board as to appellant's mental condition (*Matter of Collery* v. *Teachers' Retirement Bd.*, 267 App. Div. 835, affd. 294 N. Y. 705). Respondent's determination was not "arbitrary or capricious", and is therefore final and conclusive (*Matter of Vetere* v. *Allen*,

15 N Y 2d 259). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.