■ In the Matter of MARIE EGGLESTON, Petitioner, v W. BURTON RICHARDSON, as Director of the Monroe County Department of Social Services, Respondent. — Determination unanimously modified, without costs, penalty annulled and otherwise determination confirmed, and matter remitted to respondent for further proceedings, in accordance with the following memorandum: In a proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner seeks a judgment annulling respondent's determination dismissing petitioner from her civil service position as a child protective caseworker. Respondent adopted the findings of a hearing officer who determined that petitioner was guilty of 17 specified charges. Our inquiry is two pronged: are the findings of guilt supported by substantial evidence (CPLR 7803, subd 4; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176), and if they are, is the punishment of dismissal so disproportionate to the offenses as to shock one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222)? On review of the whole record, we find that the determination of guilt of 14 of the specified charges is fully supported by substantial evidence. In his findings, the hearing officer correctly determined, however, that no credible evidence supported Specification No. 3 under Charge No. 1 and that no evidence whatsoever had been offered in support of that part of Specification No. 7 of Charge No. 1 which accused petitioner of interfering with another caseworker's job performance. Despite the findings, inexplicably the hearing officer found petitioner guilty of those specifications and respondent adopted the determination of guilt. Those charges must be dismissed. Similarly, Specification No. 2 of Charge No. 4, a specification characterized in respondent's brief as the most serious of the several charges levelled against petitioner, is unsupported by competent evidence. That specification accuses petitioner of improperly disclosing to a parent the identity of a person who made a child neglect complaint against the parent. The charge is supported, and only inferentially, by the hearsay testimony of another caseworker and by that caseworker's memorandum which was received into evidence as a business record exception to the hearsay rule. The memorandum related to a conversation the caseworker had with the parent against whom the child neglect complaint had been made. The memorandum was not admissible as a business record exception because the parent was under no business duty to report to the caseworker (see *Matter of Leon RR,* 48 NY2d 117) and evidence which is limited to hearsay is insufficient to satisfy the substantial evidence test (*Matter of Valerio v Hastings,* 74 AD2d 478; *Matter of Roewer v Melton,* 62 AD2d 1120). Accordingly, this charge must also be dismissed. Although part of petitioner's demonstrated misconduct was of minor consequence, the record otherwise demonstrates that petitioner has been abrasive in her relations with co-workers and others, and has been a disruptive force in her work unit. She often used expletives in expressing her discontent with the agency and with fellow employees; on at least three occasions she walked off the job without permission; she committed several acts of insubordination; and, at various times, she was unable to perform her duties. Since the proper functioning of a unit which must be dedicated to the delicate task of protecting children requires discipline and order, it cannot be said that the penalty of dismissal would be so disproportionate to the demonstrated offenses as to shock one's

sense of fairness. Nevertheless, the matter must be remitted to respondent because "responsibility for fixing the penalty is vested in the administrative agency" (*Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874, 876). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Provenzano, J.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.