■ In the Matter of CHARLES FITZPATRICK, Petitioner, v BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT et al., Respondents. —

Proceeding pursuant to CPLR article 78 to review a determination, dated November 3, 1981 and made after a hearing, which found petitioner guilty of the charges of "incapacity to teach", "conduct unbecoming a teacher", and "incompetency in carrying out his assigned duties and responsibilities as a teacher", and dismissed him from his position. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, a tenured fourth grade teacher at the Murray Avenue School in Mamaroneck, New York, was dismissed from his position after a hearing held pursuant to section 3020-a of the Education Law. The hearing panel found, *inter alia,* that he was suffering from a serious personality disorder. The panel's finding was based upon the testimony of Dr. Thomas Stauffer, a psychiatrist, and Dr. Myron Harris, a clinical psychologist, as well as other medical reports submitted. Our review of the hearing panel's decision, adopted by the respondent Board of Education of the Mamaroneck Union Free School District, is limited (*Matter of Pell v Board of Educ.,* 34 NY2d 222). We can neither weigh the evidence on the record nor substitute our judgment for that of the agency designated by the Legislature as the most appropriate forum for resolving these disputes. Accordingly, we must confirm the determination upholding the hearing panel's decision, after a hearing, to dismiss petitioner from his position based upon the charges of incapacity to teach, conduct unbecoming a teacher and incompetency in carrying out his duties and responsibilities as a teacher, if that determination is supported by substantial evidence (*Matter of Koch v Webster Cent. School Dist. Bd. of Educ.,* 89 AD2d 778, affd 57 NY2d 1028; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176), that is, "proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 181). Where there is room for choice, neither the weight which might be accorded nor the choice which might be made by a court is germane (*Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 384). At bar the panel was at best faced with conflicting evidence as to petitioner's mental stability and the events leading up to the preferring of charges against him. In weighing the evidence presented by both parties the panel enjoys wide latitude (*Matter of New York City Bd. of Educ. v Batista, supra*). We find no reason to upset the panel's reliance on the board of education's medical expert instead of petitioner's expert. Moreover, even petitioner's expert did not unqualifiedly state that petitioner was ready to resume working in a classroom situation. Rather, he characterized petitioner's condition as guarded and under control. Petitioner is involved with the day-to-day learning experiences of young children. The potentially negative impact on the education of these children by a person considered to be suffering from a serious personality disorder cannot be gainsaid nor ignored (see, generally, *Matter of Eggleston v Richardson,* 88 AD2d 750; *Matter of Nino v Yonkers City School Dist.,* 43 NY2d 865). Consequently, in light of the findings of incapacity to teach and the potentially harmful effect on children, we cannot say as a matter of law that dismissal was inappropriate (*Matter of Linfield v Nyquist,* 48 NY2d 1005; *Matter of Eggleston v Richardson, supra*). To hold otherwise "would be to force the board of education to continue to employ a teacher who has been found, after a hearing, to be incompetent" (*Matter of Linfield v Nyquist, supra,* p 1007). Accordingly, we confirm the determination. We note, in passing, another argument raised by the parties. Petitioner argues that charge one, incapacity to teach, is not a charge within section 3012 of the Education Law and is thus not a proper charge. Petitioner, by virtue of his tenure, is entitled to hold his position, "during good behavior and efficient and

competent service" (see Education Law, § 3012, subd 2; *Matter of Anonymous v Board of Examiners of Bd. of Educ. of City of N. Y.,* 65 Misc 2d 581). In *Matter of Coriou v Nyquist* (33 AD2d 580), a teacher was dismissed upon a finding, *inter alia,* that he was unable to properly perform his duties because of medical reasons. Section 913 of the Education Law contemplates that a person's mental capacity may affect his ability to teach and thus provides that the board may require such person to submit to a medical examination (see, also, Education Law, § 3020-a). It would be illogical to suppose that a teacher tenured or otherwise would be immune from dismissal despite the fact that he is incapable of teaching. Accordingly, we find that incapacity to teach is a proper charge to be brought in a section 3020-a hearing (cf. *Matter of Bott v Board of Educ.,* 41 NY2d 265 [charge of physical abuse toward children allowed to be brought although not specifically provided for in section 3020-a]). Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.