■ In the Matter of MEAN ALICE'S INC., Doing Business as CITY LIGHTS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Determination modified, in accordance with memorandum, penalty annulled, and otherwise determination confirmed, without costs, and matter remitted to respondent for further proceedings, in accordance with the following memorandum: The question presented in this proceeding is whether there is substantial evidence in the record to support respondent's finding that petitioner permitted the premises to become disorderly by permitting bar patrons to conduct themselves in an offensive and indecent manner (Alcoholic Beverage Control Law, § 106, subd 6). ¶ The bartender testified, without contradiction, that he did not hear the alleged solicitation on June 3, 1982 and did not see the alleged acts on July 29, 1982. "Because there is absolutely no evidence attributing to the licensee knowledge of these occurrences they 'must be eliminated from consideration as offering any support for the finding of disorder in the premises' (*Matter of Kerma Rest. Corp. v State Liq. Auth.,* 21 N Y 2d 111, 114)" (*Matter of Chipman Assoc. v New York State Liq. Auth.,* 47 AD2d 585, 585-586). An employee who is merely in charge during the owner's absence, as was petitioner's bartender, is not the owner's manager or his agent such that his knowledge could be imputed to the owner (see *Italiano v Liquor Auth.,* 59 AD2d 820). ¶ Accordingly, respondent's determination that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law is not

supported by substantial evidence and must be annulled. Since the record does not indicate the apportionment of the penalty although two separate charges not at issue here were sustained against petitioner, the penalty must also be annulled and the matter remitted to the State Liquor Authority for reconsideration and imposition of an appropriate penalty on the uncontested violations (see *Matter of Admiral Wine & Liq. Co. v New York State Liq. Auth.,* 61 NY2d 858; *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). ¶ All concur, except Callahan and Moule, JJ., who dissent and vote to confirm the determination and dismiss the petition. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Francis, J.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.