■ In the Matter of ELAINE SCHIFFER, Petitioner, v BOARD OF EDUCATION, GARRISON UNION FREE SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of a hearing panel, convened pursuant to Education Law § 3020-a, as found petitioner guilty of a charge of insubordination and ordered her suspension without pay for one year.

Petition granted and determination annulled insofar as reviewed, on the law, with costs, petitioner reinstated with full pay and benefits for the period of suspension less the amount of compensation which she may have earned in any other employment or occupation and any unemployment insurance benefits she may have received during such period, and the charge upon which she was convicted is to be expunged from her record.

Petitioner, a tenured teacher of the first and second grades, was found guilty, after a hearing, of a charge of insubordination in her failure to complete a psychiatric examination on June 10, 1981 and her refusal to attend a subsequently scheduled examination on June 15, 1981, which she was directed to complete pursuant to Education Law § 913. We find that this determination is not supported by substantial

evidence in the record (*cf. Matter of Fitzpatrick v Board of Educ.*, 96 AD2d 557; *Matter of Pell v Board of Educ.*, 34 NY2d 222).

The uncontroverted evidence on this record indicates that petitioner did attend the June 10 examination which lasted approximately an hour and a quarter. At that point petitioner informed the physician that she had to leave for another appointment which had been made prior to the scheduling of this appointment. Though the psychiatrist testified that he would have liked to have continued, he also stated that he had conducted a full session which lasted about 15 to 30 minutes longer than usual and he was comfortable ending the session at that point.

Thereafter, petitioner, through her union representative, and respondent discussed petitioner's demand pursuant to Education Law § 913 that her union representative accompany her to all future examinations. During these discussions, the parties' positions crystalized with petitioner insisting upon representation and respondent and the examining physician adamantly refusing to allow any third party at future examinations.

On June 15, 1981, petitioner was first notified of the second examination which was to take place approximately two and one quarter hours later that day, at a time which was after the end of petitioner's working hours. She wrote to respondent's Superintendent of Schools that same day informing him of a previous family commitment for that time and requesting that any further orders or appointments be arranged through her union representative. Later petitioner's union representative wrote to the superintendent stating, *inter alia*, "[i]f you continue to order Mrs. Schiffer for further psychiatric evaluation, we shall insist on being present at all sessions". Respondent's counsel wrote back stating that they would not allow petitioner to dictate the terms of future examinations and that the examining physician is free to preclude the presence of third parties at future examinations. No further action was taken nor examinations scheduled until the formal charges were brought against petitioner more than two months later.

The record demonstrates that petitioner did attend and complete the June 10 examination and cannot be adjudged insubordinate for her actions on that date. Furthermore, Education Law § 913 specifically states that any teacher directed to submit to a medical examination under that section "shall be entitled to be accompanied by a physician or other person of his own choice". In a collateral proceeding between

these parties, Special Term, Putnam County (Martin, J.), held that this right under the statute is "absolute" and may not be abridged by respondent (*Matter of Schiffer v Board of Educ.*, Supreme Ct, Putnam County, Aug. 31, 1984). Neither the record nor respondent's contentions here reveal any reason, medical or otherwise, to warrant the denial of this right to petitioner. Thus any refusal by petitioner to attend examinations scheduled by respondent as alleged in these proceedings was no more than an assertion of her statutory right under Education Law § 913 and may not be considered insubordination.

If petitioner is still under suspension, she is to be reinstated forthwith. In addition, she is to be compensated for all lost wages and benefits (*cf. Matter of Wolfson v Board of Educ.*, 47 AD2d 748). Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.