■ In the Matter of FRED M. PISCULLI, Petitioner, v BOARD OF EDUCATION OF THE CITY OF MT. VERNON et al., Respondents. —Proceeding pursuant to CPLR article 78 to review so much of a determination of a disciplinary panel convened in accordance with Education Law § 3020-a and dated August 2, 1983, which, after a hearing, found petitioner guilty of certain stated charges including "misconduct" and "conduct unbecoming a teacher", and dismissed him from his tenured position.

Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements.

We have reviewed the record and conclude that notwithstanding petitioner's contention to the contrary, the hearing panel's determination of guilt with respect to the charges in question was supported by substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Altsheler v Board of Educ.,* 62 NY2d 656, *rearg dismissed,* 63 NY2d 953; *Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of Fitzpatrick v Board of Educ.,* 96 AD2d 557, *lv denied* 61 NY2d 607).

Moreover, the sanction of dismissal was not excessive, viz., so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222), when it is considered that petitioner's demonstrated misconduct included, *inter alia,* physical abuse of the emotionally disturbed students entrusted to his care.

Finally, we have considered the other contentions raised by petitioner, including his claim that he was not afforded due process of law, and find them to be lacking in merit. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.