■ In the Matter of RALPH A. JANES, JR., et al., Petitioners, v DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Respondent.—Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings, in accordance with the following memorandum: Petitioners were found to have dem-

onstrated untrustworthiness and incompetence to act as real estate brokers within the meaning of sections 441-c and 442-c of the Real Property Law because petitioners engaged in the unauthorized practice of law, failed to fully disclose their status as agents for both sellers and purchasers in real estate transactions, and improperly inserted commission clauses in the sales contracts in violation of their fiduciary obligations to the principals.

In our view, the determination must be modified by striking the finding that petitioners improperly inserted commission clauses in the sales contracts. Petitioners did not receive fair and adequate notice of that charge. The affidavit of complaint contains no allegations with reference to that charge. Thus, it fails to " 'be definite so that the accused might know against what he has to defend' " *(Matter of Trivelas v Paterson,* 91 AD2d 1000, 1001, quoting *Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472).

In all other respects, we find that respondent's determination is supported by substantial evidence.

In view of our determination, we remit the matter to respondent to fashion an appropriate penalty *(see, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876; *Matter of Eggleston v Richardson,* 88 AD2d 750, 751). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Newman, J.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.