In the Matter of KEITH S. LIGRECI, as Sergeant of the Town of Clay Police Department, Petitioner, v OWEN P. HONORS, SR., as Commissioner of Public Safety of the Town of Clay, et al., Respondents.—Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent Di Domenico for further proceedings, in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination demoting him from police sergeant to patrolman. That determination was based on respondent Town Supervisor's review of the record of the disciplinary hearing, as well as on the report and recommendation of the Hearing Officer, pursuant to the directive of this court (*Matter of Ligreci v Honors,* 162 AD2d 1010). Petitioner asserts that the determination is not supported by substantial evidence and that his demotion constitutes an excessive penalty.

Upon our review of the record, we find that there is a rational basis for respondent's findings that petitioner, in violation of the Rules and Regulations of the Town of Clay Police Department, allowed the use of unnecessary force against another person on November 27-28, 1988; failed to notify the Commissioner of Public Safety of a violation of those Rules and Regulations by another member of such Department; and failed to demonstrate by example and to instruct his subordinates in proper departmental attitudes in dealing with the public, thereby bringing discredit on the Town of Clay Police Department.

However, there is not substantial evidence to support respondent's finding that petitioner violated chapter IV, part 4.51 of the Rules and Regulations of the Town of Clay Police Department, which requires an officer who draws "his weapon" to file a report with the Commissioner of Public Safety. Although there was evidence that petitioner's fellow officers had drawn their weapons, there is no proof or allegation that petitioner drew his weapon. We reject respondents' argument that the rule and regulation required petitioner to report that his subordinates drew their weapons. The plain language of the rule does not apply, by its terms, to this situation.

Because we find that there is not substantial evidence to support that finding and because the record does not specify any relation between the violations and the penalty imposed, the determination to demote petitioner must be annulled and the matter remitted to respondent Town Supervisor for reconsideration and imposition of an appropriate penalty on the

charges that have been sustained *(see, Matter of Mean Alice's v New York State Liq. Auth.,* 101 AD2d 700, 701; *see also, Matter of Admiral Wine & Liq. Co. v State Liq. Auth.,* 61 NY2d 858; *Matter of Janes v Department of State,* 167 AD2d 960).* (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Reagan, J.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.