■ In the Matter of CURTIS BROOKS, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously

modified on the law and as modified confirmed and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: Under the circumstances, it was error for the Hearing Officer to refuse to view the security surveillance videotape of the incident prior to making his determination at the Tier III disciplinary proceeding. Because of the severity of the charges lodged against petitioner and, in view of the fact that he has yet to serve the entire penalty imposed, a new hearing is the appropriate remedy *(see, Matter of Dawson v Coughlin,* 178 AD2d 946), especially because the misbehavior report and the testimony of petitioner otherwise provide substantial evidence to support the determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130). Inasmuch as petitioner requested the Hearing Officer to view the videotape only in relation to the charge of possession of a weapon (7 NYCRR 270.2 [B] [14] [i]), the rehearing is limited to that violation. Because the record imposes one penalty and fails to specify any relation between the violations and the penalty imposed, the penalty is vacated, and the matter is remitted for imposition of an appropriate penalty on the charges sustained *(see, Matter of Ligreci v Honors,* 171 AD2d 1058, *lv denied* 78 NY2d 853). (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.