■ In the Matter of JOSUE ROMAN, Petitioner, v THOMAS A. CONSTANTINE, Superintendent of the New York State Police, Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Upon our review of the record, we conclude that respondent's determination was supported by substantial evidence *(see, Matter of Ligreci v Honors,* 171 AD2d 1058, *lv denied* 78 NY2d 853). Because petitioner's noncustodial statement during an interview by a superior officer was not illegally obtained, there is no merit to his claim that respondent's violation of his constitutional rights mandates its exclusion *(cf., Matter of Boyd v Constantine,* 180 AD2d 186).

We also find no merit to petitioner's contention that his statement was inadmissible because he was not *Mirandized* before the interview *(see,* 1988-1991 Police Benevolent Association [PBA] Agreement § 16.2 [A] [1]) and because the interview was not recorded *(see,* PBA Agreement § 16.2 [A] [9]). The record establishes that petitioner's interview was an "ordinary

supervisory inquir[y]", and therefore it was not governed by the procedural requirements of section 16.2 of the Police Benevolent Association Agreement (PBA Agreement § 16.3).

We have reviewed petitioner's remaining contentions and find them to be without merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Wolf, Jr., J.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.