■ In the Matter of RENEE GREENBERG, Appellant, v RAYMOND CORTINES et al., Respondents. [626 NYS2d 233] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents New York City School District 21 and New York State Education Department, dated November 4, 1993, which, after a hearing, found the petitioner guilty of numerous specifications of insubordination, incompetence, inefficiency, neglect, and misconduct and dismissed her from her position as a tenured kindergarten teacher.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Fitzpatrick v Board of Educ.,* 96 AD2d 557). We find the petitioner's contention that the determination of the respondents New York City School District 21 and New York State Education Department was not supported by substantial evidence to be without merit. The testimony and exhibits adduced at the hearing established the facts necessary to sustain the numerous specifications of insubordination, incompetence, inefficiency, neglect, and misconduct against the petitioner. A reviewing court may not weigh the evidence or reject the choice made by the hearing panel where there is conflicting evidence and room for choice exists

*(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Fitzpatrick v Board of Educ., supra).* Further, the penalty of dismissal is not so disproportionate to the offenses committed as to be shocking to one's sense of fairness *(see, Matter of Linfield v Nyquist,* 48 NY2d 1005; *Matter of Pell v Board of Educ., supra; Matter of Fitzpatrick v Board of Educ., supra).*

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.