■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOGAN PETTY, Appellant. [636 NYS2d 688] —Judgment unanimously affirmed. Memorandum: Having failed to move to withdraw his plea *(see,* CPL 220.60 [3]) or to vacate the judgment of conviction *(see,* CPL 440.10), defendant failed to preserve for our review his challenge to the sufficiency of the plea allocution *(see, People v Lopez,* 71 NY2d 662, 666; *People v Tranka,* 191 AD2d 903, *lv denied* 81 NY2d 1021). Further, the record of the plea allocution shows that defendant's factual recitation did not "negate[ ] an essential element of the crime pleaded to", or otherwise "clearly cast[ ] significant doubt upon the defendant's guilt" *(People v Lopez, supra,* at 666; *cf., People v Beasley,* 25 NY2d 483; *People v Serrano,* 15 NY2d 304).

In light of defendant's extensive prior criminal history, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ In The Matter of JOSEPH DESHIELDS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [636 NYS2d 689] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: We agree with the determination that petitioner violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i]; failure to obey a direct order) and 107.10 (7 NYCRR 270.2 [B] [8] [i]; interference with employee).

Respondents concede, however, that there is no proof that petitioner violated inmate rule 104.11 (7 NYCRR 270.2 [B] [5] [ii]; violent conduct). Thus, the determination must be modified, that charge expunged from petitioner's record, and the matter remitted for imposition of an appropriate penalty on the remaining violations *(see, Matter of Muqtadir v Coughlin,* 212 AD2d 1048; *Matter of Brooks v Coughlin,* 182 AD2d 1115). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.