■ In the Matter of CHRISTINE A. EARLES, Petitioner, v PINE BUSH CENTRAL SCHOOL DISTRICT, Respondent. [638 NYS2d 163] —Proceeding pursuant to CPLR article 78, to review a determination of the respondent Pine Bush Central School District, dated July 6, 1993, which, after a hearing, found the petitioner guilty of seven specifications of insubordination and conduct unbecoming a teacher, and suspended her from her position as a tenured teacher for two years without pay.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

In order to annul an administrative determination made af-

ter a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Greenberg v Cortines,* 215 AD2d 385). A reviewing court may not weigh the evidence or reject the choice made by the hearing panel where there is conflicting evidence and room for choice exists *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Lawrence v Weinstein,* 181 AD2d 888). Moreover, it is for the administrative tribunal, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *see also, Altsheler v Board of Educ.,* 62 NY2d 656).

We reject the petitioner's contention that the determination of the respondent Pine Bush Central School District was not supported by substantial evidence. The extensive testimony and exhibits adduced at the hearing established the facts necessary to sustain the seven specifications of insubordination and conduct unbecoming a teacher stemming from the petitioner's failure to use the established "committee system" of grading her students' 1990 Regents examination, and "communicat[ing] various answers to three different students" during the examination. Furthermore, the penalty of a two year suspension without pay was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra; cf., Matter of Carangelo v Ambach,* 130 AD2d 898). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.