■ In the Matter of LINDA GARDNER, Petitioner, v NISKAYUNA CENTRAL SCHOOL DISTRICT et al., Respondents. [839 NYS2d 317]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent Board of Education of the Niskayuna Central School District which terminated petitioner's employment.

---

In January 2005, petitioner, an employee of respondent Niskayuna Central School District, began serving as confidential Executive Secretary II to Celeste Keane, Administrator for Human Resources and K-Twelve Counseling. On November 4, 2005, she was taken from work to a hospital and diagnosed with labile hypertension. Three days later, petitioner and her husband met with the Assistant Superintendent of Schools and asserted that petitioner could not work under Keane's supervision. They requested a guarantee that if petitioner returned to work, she would no longer have to work with Keane. That request was refused and her husband then removed petitioner's belongings from her workspace.

Petitioner received doctor's notes from her general practitioner, Benoit Tonneau, excusing her from work through January 3, 2006, and notes from the office of a psychiatrist, Kevin George, stating that she should be excused from work through March 31, 2006. Respondents ordered petitioner to undergo a medical examination pursuant to Education Law § 913, and she was examined by psychologist Earl Teller and psychiatrist Adrian Morris in February and March 2006, respectively. Keane left her position on March 17, 2006, stating that petitioner's actions played a significant role in her decision to leave. Petitioner testified that when she discovered Keane was leaving, she became excited about the prospect of returning to work and decided to get a doctor's note permitting her to return to work earlier than March 31, 2006. She subsequently obtained a note from George permitting her to return to work on March 20, 2006. Respondents, however, did not permit petitioner to return to her position; rather, they suspended her without pay and issued disciplinary charges against her pursuant to Civil Service Law § 75, alleging misconduct and incompetence based upon her conduct in remaining absent without justification and refusing to work under her supervisor.

At the ensuing hearing, the Hearing Officer denied petitioner's motion to have the Education Law § 913 report excluded from consideration on the ground that she was denied the right to be accompanied by a person of her choice to Teller's examination. The Hearing Officer sustained the charges of misconduct and recommended dismissal. Respondent Board of Education of the Niskayuna Central School District accepted the Hearing Officer's findings and dismissed petitioner, prompting this CPLR article 78 proceeding challenging the Board's determination. We confirm.

Initially, we reject petitioner's argument that because her husband was excluded from Teller's examination, the testimony

of both Teller and Morris, the report signed by Teller and Morris, and the written psychological tests completed by petitioner at their direction should have been suppressed. A "[s]chool [d]istrict has an interest in seeing that its teachers are fit" and, thus, teachers may be "required to submit to an examination to determine their physical and mental fitness to perform their duties" pursuant to Education Law § 913 (*Matter of Patchogue-Medford Congress of Teachers v Board of Educ. of Patchogue-Medford Union Free School Dist.*, 70 NY2d 57, 69 [1987]). As relevant here, the statute provides that a teacher required to submit to medical examination "shall be entitled to be accompanied by a physician or other person of his or her choice" (Education Law § 913; *see Matter of Schiffer v Board of Educ., Garrison Union Free School Dist.*, 112 AD2d 372, 373-374 [1985], *appeal dismissed* 66 NY2d 915 [1985]). Petitioner asserts that this right is analogous to that provided in the Civil Service Law, which states that employees who are potentially subject to disciplinary action "have a right to representation" at the time of questioning and that a violation of the right will result in the exclusion from a disciplinary proceeding of "any and all statements obtained from said questioning as well as any evidence or information obtained as a result of said questioning" (Civil Service Law § 75 [2]; *see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 8 NY3d 226, 233-234 [2007]). Petitioner argues, relying upon Civil Service Law § 75 (2), that an employer should be prohibited from using in any subsequent proceeding information obtained from an employee denied the right to be accompanied to an Education Law § 913 examination.

We note, however, that unlike Civil Service Law § 75 (2), Education Law § 913 does not provide that exclusion is required if the right to be accompanied is violated. Indeed, petitioner points to nothing in the language of the statute or its history in support of her argument that a violation of the right to be accompanied, without more, requires the sanction of suppression or annulment of the Board's determination (*see Matter of Groad*, 1 Ed Dept Rep 278 [1959] [Decision No. 6,604] [determining that under Education Law § 2568, a similar statute applicable in New York City, exclusion is not required where the employee submitted to a psychiatric examination despite the employer's failure to provide a required report from the employee's supervisor]; *see generally Matter of Charles Q. v Constantine*, 85 NY2d 571, 575 [1995] [holding that evidence obtained in violation of a CPL 160.50 sealing order need not be suppressed in a disciplinary hearing when nothing in the statute or its history supports such a result]). The cases and decisions of the Commissioner of

Education that petitioner cites for the proposition that the section 913 right is fundamental and can be protected only by suppression of evidence obtained in derogation of the right are inapposite. Those decisions hold that an employee cannot be adjudged insubordinate for refusing to submit to a medical examination outside the presence of a union representative, attorney or personal physician when the record does not reveal "any reason, medical or otherwise, to warrant the denial of this right" (*Matter of Schiffer v Board of Educ., Garrison Union Free School Dist., supra* at 374; *see Matter of Board of Educ. of Massapequa Union Free School Dist.*, 28 Ed Dept Rep 127 [1988] [Decision No. 12,053]; *Matter of Madden*, 3 Ed Dept Rep 244 [1964] [Decision No. 7,395]). Respondents presented evidence, however, that the presence of petitioner's husband would have compromised or invalidated the results of the evaluation, thereby frustrating respondents' statutory right to conduct a medical examination. Specifically, Teller explained that it is not "clinically appropriate" for a patient to be accompanied by a spouse into an interview because the patient's response can be "radically different, or impacted, by the presence of that other person" if, for example, the person has not shared personal information with the spouse. Moreover, petitioner's assertion that the section 913 right is "absolute" is belied by her concession that it was proper to isolate her from her husband during the written portion of the test, to avoid compromising the integrity of the test results. Thus, even assuming that a violation of petitioner's right to be accompanied occurred, under these circumstances and in light of the purposes of the statute, we agree with respondents that suppression is not required here (*see generally Matter of Boyd v Constantine*, 81 NY2d 189, 193-196 [1993]).

Nor do we discern any other basis for excluding the evidence. "Compliance with the technical rules of evidence is not required in a hearing pursuant to Civil Service Law § 75" (*Matter of Correll v Bucci*, 19 AD3d 919, 920 [2005] [internal quotation marks and citation omitted]) and, unless the admission of evidence "will violate the fundamentals of a fair hearing," even the erroneous reception of evidence is an insufficient basis for annulment of a determination that is " 'on the entire record, supported by substantial evidence' " (*Matter of Sowa v Looney*, 23 NY2d 329, 334, 335 [1968], quoting CPLR 7803 [4]; *see Matter of Charles Q. v Constantine, supra* at 575). In that regard, we note that generally, the rationale for permitting representation—for the limited purpose of observation—at psychiatric exams "concern[s] [an accused's] ability to prepare in anticipation of an adversarial proceeding, to formulate a defense and es-

pecially, to confront and to effectively cross-examine the witnesses against him [or her]—be it at trial or [any] other type of adversarial hearing" (*People v Lazzarino*, 157 Misc 2d 627, 631 [1993]; *see Matter of Lee v County Ct. of Erie County*, 27 NY2d 432, 444 [1971], *cert denied* 404 US 823 [1971]; *People v Perkins*, 166 AD2d 737, 739 [1990], *lv denied* 76 NY2d 1023 [1990]). Again, assuming without deciding that respondents violated petitioner's Education Law § 913 right here, petitioner makes no argument that Teller's refusal to allow her husband to accompany her during the psychological examination interfered with her ability to prepare for the disciplinary hearing, formulate a defense or effectively cross-examine Teller, or otherwise "operated to deprive petitioner of a fair hearing" (*Matter of Charles Q. v Constantine, supra* at 575).

. Furthermore, the Board's determination is supported by substantial evidence. Petitioner was charged with unjustifiable absence beginning on January 3, 2006, when her personal physician permitted her to return to work. Petitioner admitted that she could have worked under any other supervisor after January 3, 2006, and that she sought to return to work immediately upon hearing that Keane was leaving. Petitioner claimed to be disabled from working only for Keane, who she characterized as overly harsh and compared her to "a big ferocious dog" of whom she was terrified. Petitioner further conceded, however, that her reaction to Keane was "irrational," and Keane testified that while she was a demanding supervisor, she always spoke to petitioner in a calm manner and explained that if she did not point out petitioner's errors, petitioner would continue to make mistakes. Teller and Morris concluded that petitioner did not suffer from any significant or severe psychological problems and that it was her personality, not a psychological disorder, that caused her to absent herself from work. While credibility issues were raised by the contrasting testimony of petitioner and Keane, as well as the testimony of petitioner's psychologist disagreeing with the conclusions of Teller and Morris, the determination of such credibility issues is within the Board's sole province (*see e.g. Matter of Peters v County of Rensselaer*, 28 AD3d 854, 854 [2006]). In sum, because suppression of the report and testimony of Teller and Morris was not required, substantial evidence supports the Board's finding of guilt on each of the charges and specifications. Furthermore, the penalty of dismissal was not so disproportionate to the offense as to shock one's sense of fairness. We therefore decline to disturb the Board's determination (*see Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d 823, 824-825 [2005]; *Matter of Romano v Town Bd. of Town of Colonie*, 200 AD2d 934,

934-935 [1994], *appeal dismissed* 83 NY2d 963 [1994]; *see also Matter of Charles Q. v Constantine, supra* at 575).

Petitioner's remaining arguments are either unpreserved or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.