Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Valley Stream 13 Union Free School District dated April 24, 2014. The determination sustained charges of insubordination and incompetence and terminated the petitioner’s employment.
 

 Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as sustained the charge of insubordination is annulled, that charge is dismissed, the penalty imposed is vacated, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the Board of Education of the Valley Stream 13 Union Free School District for a new consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter.
 

 The petitioner was employed by the Valley Stream 13 Union Free School District (hereinafter the District) as a custodian at an elementary school. In 2014, the petitioner’s ex-wife, who was also employed by the District in a different school, notified the District that the petitioner had been admitted to a psychiatric facility after making threats of violence against her to his psychiatrist. Thereafter, the Family Court issued an order of protection directing the petitioner to stay away from his ex-wife and their children. Pursuant to Education Law § 913, the District thereafter referred the petitioner to a psychiatrist for a medical examination to determine his mental capacity to continue working as a custodian and directed the petitioner to provide the psychiatrist with “any and all medical records relating to [his] current state of health.” The petitioner attended the medical examination but did not bring any medical records, contending, inter alia, that production of such records was an invasion of his privacy.
 

 Thereafter, the District commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging him with insubordination and incompetence. A hearing officer, after a hearing, recommended that the charges be sustained and that the petitioner’s employment be terminated. In a resolution passed on April 24, 2014, the District Board of Education (hereinafter the Board) adopted the hearing officer’s findings and recommendations and terminated the petitioner’s employment. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Board’s determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
 

 Contrary to the petitioner’s contention, a hearing pursuant to Civil Service Law § 75 was the proper means to adjudicate the charge of incompetence (see Matter of Sindoni v County of Tioga, 67 AD3d 1183, 1183 [2009]; Matter of Gardner v Niskayuna Cent. School Dist., 42 AD3d 633, 634 [2007]).
 

 “Judicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record” (Matter of LMC Trucking Corp. v New York State Dept. of Motor Vehs., 92 AD3d 682, 682 [2012]). “Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987] [internal quotation marks omitted]).
 

 Contrary to the petitioner’s contention, there was substantial evidence to support the Board’s determination to sustain the charge of incompetence given that the examining psychiatrist opined that the petitioner presented a potential danger to the students and fellow staff members and was thereby unfit to continue working at the elementary school (see Matter of Fitzpatrick v Board of Educ. of Mamaroneck Union Free School Dist., 96 AD2d 557 [1983]; see also Matter of Gardner v Niskayuna Cent. School Dist., 42 AD3d at 637; Matter of Gargiul v Board of Educ. of Liverpool Cent. School Dist., 69 AD2d 986, 986 [1979]).
 

 In contrast, however, the Board’s determination to sustain the charge of insubordination based on the petitioner’s failure to provide the requested medical records was not supported by substantial evidence (see Matter of Schiffer v Board of Educ., Garrison Union Free School Dist., 112 AD2d 372, 373 [1985]; O’Connor v Pierson, 426 F3d 187, 201-202 [2d Cir 2005]). There was no evidence whatsoever that the petitioner failed to attend the medical examination to which he was directed. The petitioner submitted to the requisite medical examination, and there was no further request that he attend an additional medical examination by the same or another psychiatrist. As Education Law § 913 does not mandate that medical records be produced as a requirement of submitting to a medical examination (see Strong v Board of Educ. of Uniondale Union Free Sch. Dist., 902 F2d 208, 212-213 [2d Cir 1990]), under the circumstances of this case, the Board’s determination that the petitioner’s failure to provide requested medical records constituted a failure to submit to the medical examination is not supported by substantial evidence.
 

 The District’s request for “any and all medical records relating to [the petitioner’s] current state of health” was overly broad and not reasonably tailored in scope in that it sought medical records beyond those that were relevant to the petitioner’s mental capacity to perform his duties (see Matter of New York County DES Litig., 168 AD2d 44, 47-48 [1991]; O’Connor v Pierson, 426 F3d at 201-202; Strong v Board of Educ. of Uniondale Union Free Sch. Dist., 902 F2d at 212-213). Since the request for medical records lacked any time or subject matter limitation, the Board erred to the extent that it found that the petitioner was insubordinate for his failure to comply with this unreasonable directive (see generally Matter of New York County DES Litig., 168 AD2d at 48; Matter of Schiffer v Board of Educ., Garrison Union Free School Dist., 112 AD2d at 373). Accordingly, the charge of insubordination against the petitioner was not supported by substantial evidence and must be dismissed.
 

 As the penalty of termination of the petitioner’s employment was based on the Board’s adoption of the hearing officer’s recommendation to sustain both the charge of insubordination as well as the charge of incompetence, the matter must be remitted to the Board to give it the opportunity to consider the appropriate penalty to be imposed upon the petitioner in connection with the charge of incompetence, and the imposition of that penalty thereafter (see Matter of Lewis v Lee, 138 AD3d 746, 746-747 [2016]; Matter of Sullivan v County of Rockland, 121 AD3d 700, 703 [2014]; Matter of Thomas v City of Mount Vernon Dept. of Pub. Safety, 249 AD2d 483, 484 [1998]).
 

 The petitioner’s remaining contentions are without merit.
 

 Rivera, J.R, Roman, Miller and Duffy, JJ., concur.