■ In the Matter of PHILIP T. RIFORGIATO, Petitioner, v BOARD OF EDUCATION OF CITY OF BUFFALO, Respondent. — Determination unanimously modified by annulling the penalty of reprimand, and, as modified, confirmed, without costs, and matter remitted to respondent for the imposition of an appropriate penalty, in accordance with the following memorandum: Petitioner, age 36, is a tenured high school teacher in the Buffalo public school system. In March,

1979 he was charged with two offenses constituting A-2 felonies and two offenses constituting A-3 felonies. He waived indictment and pleaded guilty to Superior Court information charging him with attempted criminal possession of a controlled substance in the sixth degree, an E felony, in full satisfaction of the charges. The court subsequently sentenced him to probation and granted a certificate of relief from disabilities. Thereafter, respondent instituted disciplinary proceedings against petitioner charging him with four specifications of misconduct. The first three charged the sale of large quantities (90,250,400 pills) of phendimetrazine, a controlled amphetamine-like substance, and the fourth specification charged the criminal conviction of attempted possession of a controlled substance sixth degree. The misconduct was established by overwhelming evidence. The panel sustained the charges and it assessed the penalty of reprimand. Petitioner then instituted this CPLR article 78 proceeding contending that the penalty was excessive. Respondent has cross-moved seeking petitioner's dismissal and it instituted an appeal to the Commissioner of Education (see Education Law, § 3020-a, subd 5). On August 5, 1981 the commissioner ordered petitioner dismissed. Petitioner first contends that the 3020-a proceeding is barred by the certificate of relief from disabilities granted him by County Court pursuant to section 701 of the Correction Law. That statute, however, and the certificate granted pursuant to it, bars only *automatic* forfeitures, not loss of office after a hearing in which the prior crimes and conviction may be considered by the agency in the exercise of its discretion (Correction Law, § 701, subds 1, 3). Insofar as the penalty is concerned, it is well established that a court may not vacate a penalty imposed by an administrative agency unless it is so disproportionate to the offense in light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We have no hesitation in stating that the penalty of reprimand for these offenses does not shock us as unduly severe. On the contrary, it is so lenient, and the panel's reasons for imposing it so insubstantial, as to be arbitrary and capricious and an abuse of discretion. That being so, respondent urges us to vacate the penalty of reprimand and impose one which we think fully justified by the evidence in this record, dismissal. The issue is whether the court is vested with the power to increase the penalty or must remand for reconsideration. Unquestionably the court may review the panel's action in setting the penalty for an abuse of discretion (CPLR 7803, subd 3) and if the penalty is excessive vacate it and remit for the reimposition of an appropriate sanction with our instructions (see *Matter of Pell v Board of Educ., supra; Matter of Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874). We know of no case, however, and none has been called to our attention, which holds that the court may increase the penalty. In the absence of statute specifically authorizing such an increase (see, e.g., *Matter of Shilling*, 51 NY2d 397, app dsmd 451 US 978; Judiciary Law, § 44), the penalty is best left to the presumed expertise of the administrative agency (see *Matter of Rob Tess Rest. Corp. v New York State Liq. Auth., supra; Matter of Ahsaf v Nyquist*, 37 NY2d 182, 186). Nevertheless, this penalty is so disproportionate to the misconduct proved by the evidence in the record, an abuse of discretion is manifest and the determination may not stand. The matter is remitted to the panel to reconsider its decision as to penalty only. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Green, J.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Schnepp, JJ.