■ In the Matter of RICHARD J. SANCHEZ, Petitioner, v BOARD OF EXAMINERS OF NURSING HOME ADMINISTRATORS, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Board of Examiners of Nursing Home Administrators suspending petitioner's license. Following an investigation by the Special Prosecutor for Medicaid Fraud, petitioner, a licensed nursing home administrator, was indicted on felony charges involving fraudulent use of the nursing home's business expense account for personal expenditures. Because of his co-operation in the special prosecutor's investigation, he was permitted to withdraw his felony guilty plea and plead to petit larceny, a misdemeanor, in full satisfaction of the

indictment; a sentence of three years' probation was imposed and restitution of $29,000 to the State ordered. A charge of unethical conduct was then filed against petitioner by the Commissioner of Health pursuant to article 28-D of the Public Health Law. After a hearing at which no sworn testimony was taken but during which petitioner submitted many affidavits and letters attesting to his exceptional co-operation with the special prosecutor and other State and Federal prosecutors, and extolling his ability as a nursing home administrator, the administrative law judge recommended that petitioner be reprimanded, but that his license not be revoked or suspended. The respondent board declined to adopt the suggested penalty and instead suspended petitioner's license for a period of approximately 16 months. In attaining that end, the board alluded to the serious nature of the crime, its relationship to the practice of nursing home administration, and petitioner's prior censure on unrelated charges. A nursing home administrator, convicted of a crime, has committed "unethical conduct" and may be penalized in a variety of ways, including censure, license revocation, annulment, or suspension, as the board in its discretion sees fit (Public Health Law, § 2897, subd 1, par [f]; 10 NYCRR 96.1 [m]; *Matter of Streter v Board of Examiners of Nursing Home Administrators,* 92 AD2d 973). Given the serious misconduct petitioner admittedly participated in, and the absence of any indication that the prosecutor promised petitioner that, in return for his co-operation, efforts would be made to allow him to maintain his license without interruption (cf. *Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57; *Matter of Bracken v Axelrod,* 93 AD2d 913; *Matter of Greco v Board of Examiners of Nursing Home Administrators,* 91 AD2d 1108), it cannot be said that by directing a suspension the board acted imprudently. A 16-month license suspension, a penalty far less severe than that petitioner could have been burdened with, is simply not so disproportionate to the offense committed as to warrant its disturbance (*Matter of Loren v Board of Examiners of Nursing Home Administrators, Dept. of Health, State of N. Y.,* 77 AD2d 699, mot for lv to app den 52 NY2d 701). The board's consideration of petitioner's prior censure in assessing the penalty was proper even though that censure had not been introduced into evidence at the hearing. Once the subject's misconduct has been established, prior offenses and administrative actions may be looked to in fixing the penalty (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 240; *Matter of Bracken v Axelrod, supra*). In any event, here the conviction itself supports license suspension. The argument that the board's order contravenes petitioner's certificate of relief from civil disabilities has heretofore been entertained and rejected (*Matter of Riforgiato v Board of Educ.,* 86 AD2d 757; *Matter of Carillo v Axelrod,* 79 AD2d 772). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.