■ In the Matter of the Claim of BARBARA J. GHORAB, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [631 NYS2d 786] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 16, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On her application for Federal employment, claimant failed to disclose a prior felony conviction. Claimant subsequently resigned from her position when informed that she would otherwise be terminated. The Board found that the falsification of claimant's employment application constituted misconduct and, consequently, ruled that claimant was disqualified from receiving benefits. Claimant asserts that because she was given a certificate of relief from disabilities, she did not believe she had to disclose her prior felony conviction, and contends that the Board's finding that she engaged in misconduct is not supported by substantial evidence.

Although a certificate of relief from disabilities serves to remove any bar to an individual's employment automatically imposed by law, it does not relieve an individual from disclosing a prior criminal conviction (see, Correction Law § 701; Matter of Mirra [Catherwood], 31 AD2d 703), nor does it preclude the Board from disqualifying an individual from receiving benefits due to misconduct (see, Matter of Belmar [New York City Bd. of Educ.—Roberts], 122 AD2d 478, appeal dismissed 69 NY2d 707; Matter of Bruggeman [Roberts], 101 AD2d 973, lv denied 63 NY2d 608; see also, Matter of Riforgiato v Board of Educ., 86 AD2d 757; Matter of Springer v Whalen, 68 AD2d 1011, lv denied 47 NY2d 710). Claimant's failure to disclose

her prior felony conviction provided the basis for the Board's finding of misconduct and, therefore, we find that substantial evidence supports the Board's decision.

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.