■ GLORIA GREEN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [793 NYS2d 405]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered February 26, 2004, which denied the petition and dismissed the proceeding brought to vacate respondent's determination, dated June 2, 2003, after an arbitral hearing, dismissing petitioner from her teaching position, unanimously affirmed, without costs.

Petitioner, while a tenured New York City school teacher, was convicted upon her guilty plea of grand larceny in the third degree, a felony. The conviction was based on petitioner's numerous misrepresentations in connection with her Section 8

housing filings. She was sentenced to a conditional discharge and restitution of more than $30,000. In considering the appropriate administrative penalty for the misconduct underlying the grand larceny conviction, respondent's hearing officer took into account petitioner's prior convictions for fraud, and, noting the similarity of the prior offenses to the conduct upon which her more recent conviction was premised, observed that petitioner evidently had not learned from her experience and was not an appropriate role model for young people.

Applying the applicable standards set forth in Education Law § 3020 and CPLR 7511 (*see Austin v Board of Educ.*, 280 AD2d 365 [2001]), we discern no basis to disturb respondent's determination. The penalty does not shock the conscience (*see Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 773 [2004]), and contrary to petitioner's contention, the certificate of relief issued to her after her grand larceny conviction did not preclude respondent from making the challenged disciplinary determination (*see* Correction Law § 701 [3]; *Matter of Riforgiato v Board of Educ.*, 86 AD2d 757, 758 [1982]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Williams, JJ.