■ BARBARA CIPOLLARO, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [922 NYS2d 23]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered December 8, 2009, which denied the petition to, among other things, vacate the

hearing officer's determination, dated November 6, 2008, terminating petitioner teacher's employment, and dismissed the proceeding brought pursuant to Education Law § 3020-a and CPLR article 75, unanimously affirmed, without costs.

There is no basis to disturb the Hearing Officer's determination that petitioner knowingly defrauded respondent of $98,000 over a two-year period by enrolling two of her children in New York City public schools while she and her family lived in Westchester County (see Krinsky v New York City Dept. of Educ., 28 AD3d 353 [2006], lv denied 7 NY3d 718 [2006]). The evidence that petitioner claims to be "conflicting" was determined to be incredible, a determination that is entitled to deference (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 568 [2008]).

Considering petitioner's lack of remorse and failure to take responsibility for her actions, as well as the harm caused by petitioner's actions, the penalty of dismissal, even if there was an otherwise adequate performance record, cannot be said to shock the conscience (compare Matter of Winters v Board of Educ. of Lakeland Cent. School Dist., 99 NY2d 549, 550 [2002], with Matter of Lewandowski v Port Auth. of N.Y. & N.J., 229 AD2d 360, 361 [1996]). Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ. [**Prior Case History: 2009 NY Slip Op 32575(U).**]