■ In the Matter of TERRI PATTERSON, Respondent, v CITY OF NEW YORK et al., Appellants. [946 NYS2d 472]—

Order and judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered April 11, 2011, in this proceeding brought pursuant to Education Law § 3020-a and CPLR article 75, to the extent appealed from as limited by the briefs, granting the petition to vacate an arbitration award to the extent of vacating the penalty of termination, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

For three years, petitioner, while residing in Brooklyn, provided an Albany home address to respondent Department of Education, and used the W-2 wage statements issued by respondent with the false address to evade paying New York City income taxes. The penalty of termination does not shock the conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974]; *Cipollaro v New*

*York City Dept. of Educ.*, 83 AD3d 543 [2011]; *Green v New York City Dept. of Educ.*, 17 AD3d 265 [2005], *lv denied* 5 NY3d 711 [2005]). Our conclusion is not altered by petitioner's 10-year record of employment with no disciplinary history (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856 [2011]; *Matter of Chaplin v New York City Dept. of Educ.*, 48 AD3d 226 [2008]) or the relatively small sum of money involved (*see Matter of Pell*, 34 NY2d at 235, 238-239). The hearing officer properly considered petitioner's lack of remorse in imposing the penalty (*see Cipollaro*, 83 AD3d at 544). Concur—Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 30870(U).]**