■ In the Matter of DIANA HAAS, Respondent-Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant-Respondent. [966 NYS2d 397]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered May 21, 2012, which, inter alia, granted the petition to vacate a posthearing award sustaining specifications of corporal punishment of a kindergarten student and of directing students who witnessed the incident not to discuss what they had observed, and imposing the penalty of termination of petitioner's employment as a New York City schoolteacher, to the extent of vacating the penalty imposed and remanding the matter to a different hearing officer for a determination of the penalty based on the administrative record, but taking no account of any evidence of uncharged wrongdoing, unanimously modified, on the law, the penalty of termination reinstated, and otherwise affirmed, without costs.

The record contains adequate evidence to support the determination that petitioner was guilty of the specifications charg-

ing her with pulling a chair out from underneath a kindergarten student and then kicking the student while he was on the floor, and that following the incident she directed the students who witnessed the incident not to discuss what they had observed. The Hearing Officer considered all of the testimony presented and no basis exists to disturb the credibility determinations made by the Hearing Officer (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856, 857 [1st Dept 2011]).

As petitioner failed to object to the admission of testimony regarding her attempts to persuade her coworkers to cover up her misconduct, and also failed to raise such issue in her petition, such issue is not preserved for our review (*see Matter of Cherry v Horn*, 66 AD3d 556, 557 [1st Dept 2009]). In any event, petitioner's argument that she was denied due process because the Hearing Officer's decision to terminate her employment was based upon evidence of wrongdoing that was not charged is unavailing, since the Hearing Officer expressly based the penalty upon the charged misconduct (*compare Mayo v Personnel Review Bd. of Health & Hosps. Corp.*, 65 AD3d 470, 472-473 [1st Dept 2009]).

Moreover, the penalty of termination does not shock one's sense of fairness, in light of petitioner's egregious misconduct of kicking a kindergarten student with special needs and then directing her other impressionable students not to discuss what they had observed. The record further shows that petitioner showed a lack of remorse for her actions (*see Cipollaro v New York City Dept. of Educ.*, 83 AD3d 543, 544 [1st Dept 2011]; *compare Matter of Principe v New York City Dept. of Educ.*, 94 AD3d 431 [1st Dept 2012], *affd* 20 NY3d 963 [2012]). Concur— Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 35 Misc 3d 1207(A), 2012 NY Slip Op 50606(U).]**