Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered April 17, 2012, denying the petition to vacate an arbitration award, dated July 14, 2011, which terminated petitioner’s employment as a tenured public school teacher, and granting the cross motion to dismiss the proceeding brought *436 pursuant to Education Law § 3020-a and CPLR article 75, unanimously affirmed, without costs.
Upon review of the record, we find that the Hearing Officer’s determination that petitioner, without reasonable or legitimate justification, continually refused teaching assignments during the 2010-2011 school year, and that such conduct constituted insubordination and the dereliction of duties, is supported by adequate evidence in the record (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567-568 [1st Dept 2008]). There exists no basis upon which to disturb the credibility determinations of the Hearing Officer (id. at 568). Although the arbitration award was not issued in a timely manner, petitioner was not prejudiced by the delay (see Scollar v Cece, 28 AD3d 317 [1st Dept 2006]).
The penalty of termination does not shock our sense of fairness in light of the extensive nature of petitioner’s insubordinate conduct throughout the school year, which required the school to hire a substitute teacher to cover her class, and her refusal to admit to any wrongdoing, which indicated a likelihood of recurrence (see e.g. Matter of Winters v Board of Educ. of Lakeland Cent. School Dist., 99 NY2d 549 [2002]; Cipollaro v New York City Dept. of Educ., 83 AD3d 543 [1st Dept 2011]).
We have considered petitioner’s remaining contentions, including that reversal is required because Supreme Court applied an improper standard on the cross motion to dismiss, and find them unavailing.
Concur — Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.